# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02650<br><br>[*Removed from King County Superior Court Case No. 26-2-19029-1 KNT*]<br><br>**DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)**<br><br>(Clerk's Action Required) |

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

-1-

**TO THE UNITED STATES DISTRICT COURT OF THE WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Avenue5 Residential LLC ("Avenue5" or "Defendant") hereby removes the above-entitled action, *Ethan Edgerton, et al. v. Avenue5 Residential LLC, et al.,* pending in the Superior Court of the State of Washington, County of King, Case No. 26-2-19029-1 KNT to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit based on diversity jurisdiction and pursuant to the Class Action Fairness Act of 2005 ("CAFA") because it is a proposed class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000.  Accordingly, removal is proper for the following reasons:

## I.

## <u>BACKGROUND AND PLEADINGS</u>

1.      On June 11, 2026, Plaintiff, on behalf of himself and a putative class, filed the lawsuit *Ethan Edgerton v. Avenue5 Residential LLC, et al*. in the Superior Court of the State of Washington for King County, Case No. 26-2-19029-1 KNT.  The case was assigned to Hon. Nikole Hecklinger with a trial date of June 14, 2027.  Plaintiff personally served Avenue5 with the Summons and Complaint on June 16, 2026.  The summons directed Avenue5 to respond within 20 days of service.  Accordingly, absent an extension of time, Avenue5's initial deadline to respond to the Complaint was July 6, 2026.  A true and correct copy of the (1) Complaint, including the Summons, (2) Case Information Cover Sheet and Area Designation, and (3) Order Setting Civil Case Schedule are attached here to as **Exhibit 1**.

2.      The Complaint is styled as a putative class action pursuant to Rule 23 of the Superior Court Civil Rules and is brought by Plaintiff, individually and on behalf of all others similarly situated, against Avenue5 Residential LLC and Does 1 through 10.  *See* Complaint.

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

-2-

3.    Plaintiff alleges that he and proposed class members are current and former non-exempt employees who were subject to unlawful compensation practices, including failing to pay for all regular and overtime hours worked, and engaging in a systematic policy and practice of denying rest breaks and meal breaks, and thereby wages, to non-exempt employees.  Plaintiff further alleges that Avenue5 failed to compensate employees for missed rest breaks, meal breaks, overtime, and other activities protected under state and federal law.  *See* Complaint ¶¶ 1.2-1.5.

4.    Plaintiff filed this action on behalf of a proposed Class defined as "[a]ll current and former non-exempt employees who worked for Avenue5 in Washington at any time from three years prior to the filing of this action through the date of class certification ('Class Period')." Plaintiff Ethan Edgerton is an individual residing in Pierce County, Washington, who worked for Avenue5 as a non-exempt hourly employee from approximately December 4, 2024 to the present, in his position as a Leasing Consultant.  Complaint ¶¶ 3.1; 4.2.

5.    The Complaint asserts the following causes of action: (1) payment of wages less than entitled, in violation of RCW 49.46.090; (2) failure to pay overtime wages, in violation of RCW 49.46.130; (3) failure to provide rest breaks, in violation of WAC 296-126-092; (4) failure to provide meal periods, in violation of WAC 296-126-092; (5) failure to provide and pay sick leave, in violation of WAC 296-128-620; (6) failure to pay all wages due at separation, in violation of RCW 49.48.010; (7) willful refusal to pay wages, in violation of RCW 49.52.050; and (8) unlawful noncompetition covenant, in violation of RCW 49.62, et seq.

6.    Plaintiff seeks relief on a class-wide basis for alleged rest break violations, meal break violations, underpaid overtime wages, and other labor code violations enumerated in the Complaint, as well as double damages for Avenue5's  alleged past and ongoing willful violations, and statutory interest, attorneys' fees, costs, enhancements, treble damages, exemplary damages, and any other actual or statutory damages as determined by proof at trial.  *See* Complaint ¶¶ 1.8-1.9.

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-3-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

7.   On July 2, 2026, Avenue5 filed a Notice of Appearance.  A true and correct copy of the Notice of Appearance of Tiffany L. Lee on Behalf of Defendant Avenue5 Residential LLC is attached hereto as **Exhibit 2**.

8.   On July 2, 2026, the parties entered into a Stipulation and Agreed Order Extending Time for Defendant Avenue5 Residential LLC to Respond to Complaint.  The parties agreed to extend that deadline to July 28, 2026.  A true and correct copy of the Stipulation and Agreed Order Extending Time for Defendant Avenue5 Residential LLC to Respond to Complaint is attached hereto as **Exhibit 3**.

9.   On July 6, 2026, the Hon. Nikole Hecklinger entered an Order Granting the Stipulation and Agreed Order, formally extending Avenue5's deadline to respond to Plaintiff's Complaint from July 6, 2026 until July 28, 2026.  The Order was signed by Judge Nikole Hecklinger and filed with the King County Superior Court on July 6, 2026.  A true and correct copy of the Order Granting the Stipulation and Agreed Order Extending Time for Defendant Avenue5 Residential LLC to Respond to Complaint is attached hereto as **Exhibit 4**.

10.   The exhibits listed above constitute all prior pleadings and documents filed in the state court in this matter.

**II.**

**<u>JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT</u>**

11.   The Class Action Fairness Act ("CAFA") was enacted on February 18, 2005.  In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).

12.   This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-4-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

a state, state official, or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000 and; (4) there is diversity of citizenship between at least one class member and one defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

13. CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. See 28 U.S.C. § 1332(d).

14. Under CAFA, a removing defendant *need not submit any evidence* of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (A notice of removal "need not contain evidentiary submissions."). Rather, "[a] defendant's notice of removal need include only a plausible allegation." *Id*. at 89. Evidence is required "*only* when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

15. The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that the "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart Cherokee*, 574 U.S. at 84. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal* . . . " *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."); *accord Bridewell-Sledge v. Blue Cross*, 798 F.3d 923 (9th Cir. 2015) (Under *Dart Cherokee*, the district court erred "in its remand orders by

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-5-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

applying a 'strong presumption against removal jurisdiction.'"); *see also Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 U.S. Dist. LEXIS 129574, *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

16.    As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**A.    This is a Class Action with a Putative Class of at Least 100 Members and None of the Defendants are State, State Official, or Government Entities**

17.    This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). This action has been styled as a Washington class action and Plaintiff purports to bring this case pursuant to Washington CR 23, individually and on behalf of all others similarly situated, seeking to represent all current and former non-exempt employees who worked for Defendant in Washington during the Class Period. Complaint, ¶ 4.2.

18.    28 U.S.C. § 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100."

19.    Avenue5 is a private company. It is not a state, a state official, or a government entity.

20.    Plaintiff's Complaint does not allege the number of members of all proposed classes. However, on the basis of its own investigation and according to its business records, Avenue5 determined there are approximately 1,966 current and former non-exempt employees in Washington since June 11, 2023, which is the alleged start of the statute of limitations period.

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-6-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

Therefore, Plaintiff's proposed class consists of at least 100 members both now at the time of removal and at the institution of this civil action, as required by 28 U.S.C. § 1332 (d)(5)(B).

**B.    The Parties are Minimally Diverse As Required by CAFA**

21.    CAFA requires minimal diversity; that is at least one putative class member must be a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(A).

22.    Plaintiff's Citizenship.  Plaintiff's Complaint alleges that he is a resident of Pierce County, Washington.  Complaint, ¶ 3.1.  More specifically, Plaintiff alleges that he is an individual residing in Pierce County, Washington, who has worked for Defendant as a Leasing Consultant from approximately December 4, 2024 to the present.  Complaint, ¶ 3.1.  Plaintiff's Complaint further alleges that the Class consists of "[a]ll current and former non-exempt employees who worked for Avenue5 in Washington at any time from three years prior to the filing of this action through the date of class certification." *Id.*, ¶ 4.2.

23.    An individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  Although no evidence of domicile is required at the notice of removal stage (*cf. Dart Cherokee*, 574 U.S. at 84), "[p]roof of residence in a state is usually thought prima facie evidence of domicile." *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . "); *Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("[a] person's residence is *prima facie* evidence of his or her place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F.Supp.2d 1103, 1105 (D. Or. 2012)).  Regardless, an allegation of the parties' citizenship is sufficient for removal. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019).  Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 885 (9th Cir. 2013).

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-7-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

24.    Here, the Complaint affirmatively discloses that Plaintiff is a resident of Washington. Complaint, ¶ 3.1. Accordingly, Plaintiff is now at the time of this removal, and was at the institution of this civil action, a citizen of Washington for purposes of determining diversity. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

25.    Putative Class Member Citizenship. Certain putative class members have relocated from Washington and are domiciled in other states. Therefore, at least some of the putative class members are now at the time of removal, and were at the institution of this civil action, citizens of states other than Washington for purposes of determining diversity.

26.    Avenue5's Citizenship. For diversity purposes, a limited liability company is deemed to be a citizen of the state under whose laws it is organized and of the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of SC LLC,* 591 F.3d 698, 699-700 (4th Cir. 2010). Avenue5 is a limited liability company organized under the laws of Delaware. Plaintiff's Complaint alleges that Avenue5 is "a Delaware foreign limited liability company with a principal place of business in Delaware." Complaint, ¶ 3.2. Avenue5's "principal place of business" is the place where its officers direct, control, and coordinate the corporation's activities, and "in practices should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Avenue5 maintains its principal place of business in Washington. Accordingly, Avenue5 is a citizen of Delaware and Washington.

27.    Doe Defendants. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-8-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal).  Thus, the existence of Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

28.    In accordance with the foregoing, Avenue5 is now at the time of removal, and was at the time of the institution of this civil action, a citizen of Delaware and Washington.  Because some of the putative class members are citizens of states in the United States other than Washington, the minimum diversity requirement under CAFA is satisfied.

**C.    The Aggregate Amount in Controversy Exceeds the $5,000,000 Requirement Under CAFA**

29.    Without making any admission of liability or damages with respect to any aspects of this case, or the proper legal test(s) applicable to Plaintiff's allegations on behalf of themselves and the putative class, the amount that has been placed in controversy by Plaintiff exceeds the jurisdictional minimum of this Court, $5,000,000, as detailed below.

30.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee*, 574 U.S. at 89. Moreover, a defendant ***need not set forth evidence*** establishing the amount in its notice of removal.  *Id*.  A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).  Here, Avenue5 alleges there is more than $5,000,000 in controversy.

31.    Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2), (d)(6); *see also Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

32.    The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability." *Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-9-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

plaintiff on all such claims. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (emphasis and internal quotation marks omitted).

33.    In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). As the Ninth Circuit has explained, "[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018) (original emphasis). *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15. These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

34.    Plaintiff's pleadings in this action fail to affirmatively disclose the amount in controversy, or information from which Avenue5 could readily ascertain the amount in controversy without independent investigation and analysis. *See generally*, Complaint. As such, on its face, the Complaint is "indeterminate" as to whether federal jurisdiction under 28 U.S.C. § 1332(d) existed within the meaning of *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013), and *Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1237-38 (9th Cir. 2014).

35.    As the Ninth Circuit has held, if the complaint is ambiguous, as here, defendants are entitled to make reasonable assumptions concerning the number of violations. *Arias*, 936 F.3d at 922, 926; *see also Hayes v. Salt & Straw, LLC*, 2020 WL 2745244, at *3 (C.D. Cal. May 27,

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-10-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

2020) ("in wage-and-hour cases, the amount in controversy turns on the frequency of the alleged violations of California labor laws.").  An assumed violation rate of one violation per week is frequently considered reasonable where the plaintiff alleges a pattern and practice of conduct. *E.g., Soto v. Tech Packaging, Inc.*, 2019 WL 6492245, at *5 (C.D. Cal. Dec. 3, 2019) (noting that "other courts within the Ninth Circuit have accepted a rate of one violation per workweek as an acceptable basis for calculating the amount in controversy" and accepting same); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *7 (C.D. Cal. May 9, 2018) (same); *Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("Where . . . the plaintiff pleads that an employer has a regular or consistent practice of violating employment laws . . . such an allegation supports a defendant's assumptions that every employee experienced at least one violation once per week."); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) ("Given the allegations . . . that the violations took place 'at all material times,' one violation per week on each claimed basis is a sensible reading of the alleged amount in controversy, as pleaded by Plaintiff.").

36.     Avenue5 provides the following calculations only to demonstrate that the amount placed in controversy by Plaintiff in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction.  Avenue5 makes no admission of any liability or damages with respect to any aspect of this case, that Plaintiff is entitled to any damages at all, or to the proper legal test to be applied to Plaintiff's claims.  Nor does Avenue5 waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

37.     <u>Avenue5 Employees.</u>  Avenue5 independently determined, based on its own investigation and business records, that it employed approximately 1,966 non-exempt employees in Washington from June 11, 2023 to July 24, 2026.

38.     Based on Avenue5's investigation to date, the foregoing putative class members worked approximately 137,204 workweeks since June 11, 2023.

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-11-

Alleged Unpaid Minimum Wages

39.    Plaintiff alleges that Defendant failed to pay Plaintiff and the putative class members minimum wage and/or regular wages.  Complaint, ¶¶ 5.3 – 5.7.  Plaintiff alleges, "Defendants engaged in a common course of failing to pay minimum and/or regular wages to Plaintiff and the Class members for all hours worked." Complaint, ¶ 5.3.

40.    The average hourly rate of the putative class members was well above the minimum wage.  However, for purposes of the amount in controversy analysis, Avenue5 will use Washington's minimum wage in 2023, which was $15.74/hr.  Today, the minimum wage is $17.13/hr.[1]

41.    Avenue5's conservative calculation of the amount in controversy for Plaintiff's unpaid minimum wage claims, which includes an assumption of one hour of unpaid wages per workweek at the 2023 minimum wage is $2,159,591 ($15.74 x 1 hour per workweek x 137,204 workweeks = $2,159,591).  This is a reasonable estimate given Plaintiff's bare allegations.

42.    Moreover, the amount in controversy for Plaintiff's minimum wage claim will continue to increase through the date of trial.  *Chavez*, 888 F.3d at 414-415 ("the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal)."

Alleged Unpaid Overtime Wages

43.    Plaintiff alleges that Defendant failed to pay Plaintiff and the putative class members all overtime wages due.  The overtime rate in 2023, based on the 2023 minimum wage, was $23.61.

44.    Avenue5's conservative calculation of the amount in controversy for Plaintiff's unpaid overtime claims, which includes an assumption of one hour of unpaid wages per workweek at the 2023 minimum wage is $3,239,386 ($23.61 x 1 hour per workweek x 137,204 workweeks = $3,239,386).  This is a reasonable estimate given Plaintiff's bare allegations.

---

[1] In 2024 the minimum wage was $16.28/hr; and in 2025 it was $16.66/hr.

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-12-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

Alleged Failure to Provide Rest Breaks

45.    Plaintiff further alleges that Defendant failed to provide Plaintiff and the putative class members a paid ten-minute rest break for every four hours of work.  Complaint,  ¶¶ 5.14 – 5.19.  Plaintiff alleges, "Defendant engaged in a common course of failing to ensure Plaintiff could take state law mandated ten-minute breaks."  Complaint, ¶ 5.16.  Contending these violations and the resulting lost wages were willful, Plaintiff seeks "twice the amount of wages withheld."  Complaint, ¶ 12.3.

46.    Division I of the Washington State Court of Appeals recently held in *Androckitis v. Virginia Mason Medical Center,* 32 Wn. App.2d 418 (2024) (review denied), that employees may be entitled to double damages on both the compensation owed for any missed rest period and the time associated with said missed rest period.  Potential damages for one missed ten-minute rest period therefore are possibly as high as 40 minutes of an employee's applicable hourly rate.

47.    Notably, the Complaint is silent as to the number of alleged rest periods Plaintiff claims to have been denied.  Nonetheless, as noted above, the Complaint contemplates a 100% violation rate and such rate can be properly assumed for purposes of calculating the amount in controversy of Plaintiff's rest period claims.  *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc.,* 482 U.S. at 392 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

48.    While Defendant is entitled to assume a 100 percent violation rate (*i.e.,* 10 missed rest periods per workweek) based on the sparse allegations in the Complaint, Defendant will conservatively assume that putative class members were not provided one rest period each workweek, which is merely a 10 percent violation rate for rest periods.  Avenue5's assumption is proper because Plaintiff cannot allege that "questions of law and fact common to the class members predominate" without also implicitly alleging that each putative class member suffered

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-13-

at least two rest period violations per week based on Avenue5's alleged common course of conduct.

49.    Avenue5's conservative calculation assumes just one missed 10-minute rest period per week at the lowest minimum wage for the class period ($15.74 per hour) is $359,932 ($15.74 x 1/6 hour per workweek x 137,204 workweeks = $359,932). This is a reasonable estimate given Plaintiff's bare allegations.

Alleged Failure to Provide Meal Breaks

50.    Plaintiff further alleges that Defendant "engaged in a common course of failing to provide Plaintiff and the Class with a thirty-minute meal break for every five hours of work." Complaint, ¶ 5.20. Plaintiff is also seeking double damages.

51.    Assuming employees missed two 30-minute meal breaks per workweek, potential damages here are possibly as high as two hours at each employee's hourly rate for each missed meal period.

52.    Again, while Defendant is entitled to assume a 100 percent violation rate (*i.e.,* five missed meal periods per workweek), Defendant will conservatively assume that putative class members were not provided two meal periods each workweek, which is merely a 40 percent violation rate for meal periods.

53.    Avenue5's conservative calculation assumes just one missed 30-minute meal period per week at the lowest minimum wage for the class period ($15.74 per hour) is $1,079,795 ($15.74 x 1/2 hour per workweek x 137,204 workweeks = $1,079,795). This is a reasonable estimate given Plaintiff's bare allegations.

Alleged Failure to Provide Sick Pay

54.    Plaintiff further alleges that "Defendants engaged in a common course of failing to provide and/or accrue paid sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class Members. "Defendants failed to properly accrue sick leave for Plaintiff and the Class at the rate of at least one hour for every forty hours worked.

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-14-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

Defendants further failed to allow the carryover of at least forty hours of unused paid sick leave to the following year.  When Plaintiff and Class Members used paid sick leave, Defendants failed to compensate them at the greater of (1) the applicable minimum wage or (2) their regular and normal wage rate[.]"  Complaint, ¶¶ 5.28, 5.29.

55.     Plaintiff offers no specific facts alleging the basis for these sick pay theories, including the number of times accrued and used sick leave was not paid at the correct rate of pay, the amount of paid sick leave allegedly not carried over to the following year, or the potential amount of unaccrued paid sick leave.  While this claim undoubtedly increases the amount in controversy, at this juncture, Avenue5 has not included any exposure in its calculations.  Upon further clarification from Plaintiff, Avenue5 may revise and include such amounts for removal purposes.

### Willfulness and Double, Treble, and Liquidated Damages

56.     Plaintiff further alleges that he and the putative class are entitled to double, treble, and liquidated damages as permitted under Washington law.  *See* Complaint ¶¶ 1.8, 4.5, Prayer for Relief.  Defendant denies that Plaintiff is entitled to such damages, but such damages should be taken into account when determining the amount in controversy.  *See Campbell v. Vitran Express,* 471 F. App'x 646, 648 (9th Cir. 2012) ("a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint'" (internal citations omitted); *Krueger v. Alaska Airlines, Inc.,* Case No. C22-1777-JCC, 2023 WL 2611797 (W.D. Wash. Mar. 23, 2023).

57.     The total amount in controversy for Plaintiff's minimum wage, overtime wage, rest break, and meal break claims is at least $6,838,705.  Plaintiff's allegations regarding exemplary damages means that the amount in controversy is at least twice this amount, or another $6,838,705.

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-15-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

Alleged Noncompete Covenants

58.     RCW 49.62.070(1) provides: "Subject to subsection (2) of this section, an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed."

59.     Plaintiff alleges that Defendant violated RCW 49.62.070 because it purportedly "implemented a noncompete covenant whereby Plaintiff was required to sign and comply with a 'Conflict of Interest Policy and Disclosure' that prohibits associates from having any affiliation with or interest in a competitor of Defendants" and "engaged in a common course of restricting, restraining, and/or prohibiting Plaintiff, and Defendants' limitations were not narrowly drawn or justified by legitimate business interests."  Complaint,  ¶¶ 5.31, 5.32.

60.     RCW 49.62.080 provides that noncompetition covenant violations determined by a court or arbitrator require the violator to pay the aggrieved person the greater of actual damages or a $5,000 statutory penalty, plus reasonable attorneys' fees, expenses, and costs incurred in the proceeding.

61.     Because the statute exempts individuals who earn at least twice the minimum wage, the higher the minimum wage, the fewer people are excluded.  Therefore, for purposes of providing a more conservative amount in controversy analysis, Avenue5 has elected to use the higher 2026 minimum wage of $17.13 per hour.

62.     Approximately 1,611 putative class members earned less than twice the 2026 Washington minimum wage of $17.13 per hour, i.e., they earned less than $34.26 per hour.

63.     Plaintiff's claim for violation of noncompete covenants puts at least $8,055,000 at issue (i.e., $5,000 x 1,611 putative class members).

Attorneys' Fees

64.     Plaintiff also seeks attorneys' fees.  *See* Complaint, Prayer for Relief.  Although Avenue5 denies that Plaintiff is entitled to such fees, the Court should take attorneys' fees into

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-16-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

account in ascertaining the amount in controversy. *See Thayer v. Depositors Ins. Co.*, No. 3:12-CV-05569-RJB, 2012 WL 12884879, at *3 (W.D. Wash. Aug. 24, 2012) ("If attorney fees are recoverable by a plaintiff (by statute or contract), the fee claim is included in determining the amount in controversy, regardless whether the fee award is mandatory or discretionary"). Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). In *Fritsch*, the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must be considered in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018). Here, Plaintiff's claims under Washington's wage and hour laws authorize collection of attorneys' fees and are thus included when determining the amount in controversy. RCW 49.48.030.

65.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (internal citation omitted); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

66.    In the class action context, courts have held that parties may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy. *Greene v. Harley Davidson*, 2020 WL 3969285, n.4 (9th Cir. 2020); *Garibay v. Archstone Communities LLC*, 539 Fed. App'x 763, 764 (9th Cir. 2013); *Stedman v. Progressive Direct Ins. Co.*, 2023 WL 5974865, at *3 (W.D. Wash. Sept. 14, 2023); *Jordan v. Nationstar Mortg.*, LLC, 2018 WL 11436310, at *5 (E.D. Wash. Nov. 26, 2018); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana Nat'l Corp.*, 2019

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-17-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

WL 131843, at *2 (N.D. Cal. 2019); see also *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees").

67.     The amount in controversy for the claimed recovery is:

- Minimum wages: $2,159,591

- Overtime wages: $3,239,386

- Rest breaks: $359,932

- Meal breaks: $1,079,795

- Double damages: $6,838,705

- Noncompetes: $8,055,000

Total: $21,732,409.

68.     Here, an additional minimum amount of $5,433,102 must be included in the amount in controversy for the putative class ($21,732,409  x 25% = $5,433,102).  As such, the total amount in controversy, including attorneys' fees, would be at least $27,165,512 for the putative class during the relevant time period.

69.     Defendant emphasizes that this is not a concession of liability, and a party need not make such a concession to remove under CAFA.  *Lewis*, 627 F.3d at 400 (holding that the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint).  *See also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (vacating order of remand where trial court "seemed to have imposed a requirement that [the defendant] prove it actually violated the law at the assumed rate of violation in order to estimate the amount in controversy).

70.     For all of the foregoing reasons, the amount placed in controversy by Plaintiff's Complaint is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time of removal and at the institution of this civil action.

| **Avenue5's Estimated Amount in Controversy** |
| --- |

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-18-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

| Alleged Unpaid Minimum Wages | $2,159,591 |
|---|---|
| Alleged Unpaid Overtime Wages | $3,239,386 |
| Alleged Failure to Provide Rest Breaks | $359,932 |
| Alleged Failure to Provide Meal Breaks | $1,079,795 |
| Double, Treble, and Liquidated Damages | $6,838,705 |
| Alleged Illegal Noncompete Covenants | $8,055,000 |
| Estimated attorneys' fees (25%): | $5,433,102 |
| **Total estimated amount in controversy:** | $27,165,512 |

**D.      No CAFA Exceptions Apply**

71.      CAFA contains a number of exceptions to its grant of original jurisdiction, but none of them are applicable here.  *See* 28 U.S.C. § 1332(d)(3)–(4).  The party resisting removal has the burden of proving the existence of a CAFA exception.  *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).  The "local controversy" exception under § 1332(d)(4) does not apply here because, among other reasons, Avenue5 is also a citizen of Delaware and the claims at issue are not purely localized in nature.  Plaintiff bears the burden of demonstrating any applicable exception.

**III.**

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

72.      Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading, or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'"  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-19-

73.     When a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. §1446(b) thirty-day window does not begin to run. *Harris*, 425 F.3d at 692-695. "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id*. at 695. This reasoning was more recently confirmed in *Roth*, 720 F.3d at 1125: "<u>even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document</u>." (emphasis added); *see also Rea v. Michaels Stores Inc*., 742 F.3d 1234, 1237-38 (9th Cir. 2014) (citing *Harris* and *Roth* and instructing that "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time).

74.     A complaint is "indeterminate" when "it is unclear from the complaint whether the case is removable, i.e., the [jurisdictional facts are] unstated or ambiguous." *Harris*, 425 F.3d at 693. Here, the Complaint does not affirmatively allege nor otherwise state that the amount in controversy exceeds $5,000,000. Further, it is not discernable from the face of the Complaint that more than $5,000,000 was placed in controversy. For example, Plaintiff fails to affirmatively allege the amount in controversy, his purported damages, or any information from which such a determination can be made on the face of the pleadings (e.g., the size of the putative class, the actual or average wages for himself or putative class members, the actual or estimated number of workweeks in question, the actual or average number of shifts at issue, the actual or average numbers of violations per workweek or shift, etc.). *See generally*, Complaint.

75.     Under *Harris*, the Court must not "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather . . . the court [may] rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal,

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-20-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Harris*, 425 F.3d at 695 (quoting, *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997)). Thus, the Complaint is "indeterminate" and its service does not trigger the first 28 U.S.C. § 1446(b) thirty-day window to remove. *See Roth*, 720 F.3d at 1125 (holding that complaint was "indeterminate" when "[i]t did not reveal on its face that…there was sufficient amount in controversy to support jurisdiction under CAFA."); *see also Calkins v. Google, Inc.*, 2013 U.S. Dist. LEXIS 97829, 2013 WL 3556042 at *2-3 (N.D. Cal. 2013) (holding that service of complaint did not trigger thirty-day window when amount in controversy was not affirmatively stated, even where defendant could have deduced the amount in controversy from documents in its possession).

76. As of the date of this filing, the parties have not exchanged any subsequent papers determinative of the jurisdictional amount in controversy in this matter. Where neither the initial pleading nor "other paper" discloses the grounds for removal, a defendant may remove at any time after it independently learns of the facts supporting removal jurisdiction. *Roth*, 720 F.3d at 1125. Avenue5, based on its investigation and internal records, has since been able to determine that the amount in controversy based on the allegations in the Complaint, well exceeds the $5,000,000.00 threshold. Moreover, Avenue5's deadline to respond to Plaintiff's Complaint was extended from July 6, 2026 to July 28, 2026, by stipulation of the parties and Order of the Honorable Nikole Hecklinger entered July 6, 2026. This Notice of Removal, filed on July 28, 2026, is filed within thirty days of Avenue5 independently determining the basis for CAFA jurisdiction and prior to Avenue5's deadline to respond to the Complaint. Thus, like in *Roth*, the facts alleged in this notice support that removal is both proper and timely.

## IV.

## **JOINDER**

77. The only defendant named in the Complaint is Avenue5 and fictitiously named Doe Defendants.

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-21-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

78.     Avenue5 is not aware of any other defendant that exists, who has been named in the Complaint or who has been served with a summons.  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe*, 615 F.2d at 1213 (unnamed defendants are not required to join in a removal petition); *Soliman*, 311 F.3d at 971 (citizenship of fictitious defendants disregarded for removal).  Thus, the existence of Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

### V.

### **VENUE**

79.     Venue lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1391(a), 1441, 1446(a), and 84(d).  This action originally was brought within a county encompassed by the Western District of Washington—the Superior Court of the State of Washington, County of King.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### VI.

### **NOTICE TO SUPERIOR COURT AND PLAINTIFF**

80.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of the removal will be served upon counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Washington, County of King, as required by 28 U.S.C. § 1446(d).

81.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Avenue5 or filed by Avenue5 are attached to the Declaration of Gal Gressel as **Exhibits 1 through 4**, filed contemporaneously with this Notice of Removal.

///

///

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-22-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

## VII.

## CONCLUSION

82.    For all the reasons identified above, Avenue5 respectfully requests that this action now pending before the Superior Court of the State of Washington for the County of King be removed to the United States District Court for the Western District of Washington.

Dated:  July 27, 2026

BRADLEY BERNSTEIN SANDS LLP

*/s/ Tiffany L. Lee*

Tiffany L. Lee, WSBA No. 51979

2800 First Avenue, Suite 326
Seattle, WA 98121
206.474.3281
tlee@bradleybernstein.com

Gal Gressel, *Pro Hac Vice application forthcoming*
Victoria B. Ayeni, *Pro Hac Vice application forthcoming*
Jaskarenpreet K. Gill, *Pro Hac Vice application forthcoming*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:  415.434.3947
Email:  ggressel@sheppard.com
           vayeni@sheppard.com
           jgill@sheppard.com

Attorneys for Defendant
*AVENUE5 RESIDENTIAL LLC*

DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)

-23-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121

**DECLARATION OF SERVICE**

I, Tiffany L. Lee, under penalty of perjury under the laws of the State of Washington, declare and state as follows:

1.      I am an attorney with Bradley Bernstein Sands LLP.

2.      On July 27, 2026, I caused to be delivered a copy of the following documents as follows:  **DEFENDANT AVENUE5 RESIDENTIAL LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT).**

I further declare that said documents were properly addressed to the following counsel via Electronic Mail.

Erin M. O'Leary, Bar No. 46803
Nicholas J. Ferraro, Bar No. 59674
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, #310, San Diego, CA 92108
Telephone: 619.693.7727
Email: erin@ferrarovega.com
nick@ferrarovega.com

DATED THIS 27th day of July, 2026, at Seattle, Washington.


*/s/ Tiffany L. Lee*

DEFENDANT AVENUE5
RESIDENTIAL LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441 AND 1446
(UNDER THE CLASS ACTION
FAIRNESS ACT)

-24-

BRADLEY BERNSTEIN SANDS
2800 1st Avenue, Suite 326
Seattle, WA 98121