# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

ETHAN EDGERTON, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,

Defendants.

No. 2:26-cv-2650

Removed from Superior Court of the State of Washington, King County, Case No. 26-2-19029-1 KNT.

**DECLARATION OF GAL GRESSEL IN SUPPORT OF REMOVAL**

[*Filed concurrently with Notice of Removal; Corporate Disclosure Statement; Notice of Related Case; Civil Case Cover Sheet*]

## DECLARATION OF GAL GRESSEL

I, Gal Gressel, declare under penalty of perjury as follows:

1.      I am a partner with the law firm of Sheppard, Mullin, Richter & Hampton, LLP, attorneys of record for Defendant Avenue5 Residential LLC ("Defendant" or "Avenue5").  I have personal knowledge of the facts set forth below or have obtained such knowledge from my review of the case file or court records, and make this declaration in support of Defendant's Removal of Action to Federal Court.  If sworn as a witness, I could and would testify as set forth herein.

2.      Attached to the Notice of Removal ("NOR") as **Exhibit 1** is a true and correct copy of the Complaint filed in the Superior Court of Washington, King County, Case No. 26-2-19029-1 KNT, including the Summons, Case Information Cover Sheet and Area Designation, and Order Setting Civil Case Schedule.

3.      Attached to the NOR as **Exhibit 2** is a true and correct copy of the Notice of Appearance of Tiffany L. Lee on Behalf of Defendant Avenue5 Residential LLC.

4.      Attached to the NOR as **Exhibit 3** is a true and correct copy of the Stipulation and Agreed Order Extending Time for Defendant Avenue5 Residential LLC to Respond to Complaint.

5.      Attached to the NOR as **Exhibit 4** is a true and correct copy of the Order Granting the Stipulation and Agreed Order Extending Time for Defendant Avenue5 Residential LLC to Respond to Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of July, 2026

/s/ Gal Gressel
GAL GRESSEL

DECLARATION OF GAL GRESSEL

2

FILED
2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| EDGERTON | No. 26-2-19029-1  KNT |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| AVENUE5 RESIDENTIAL LLC | (CICS) |

### CAUSE OF ACTION

EMP - Employment

### AREA OF DESIGNATION

KNT    All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

FILED
2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES<br><br><br>JURY TRIAL REQUESTED |

CLASS ACTION COMPLAINT FOR DAMAGES
Page 1 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

Plaintiff ETHAN EDGERTON ("Plaintiff"), individually and on behalf of all others similarly situated (collectively referred to as "Plaintiff") bring this Class Action Complaint against Defendants AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10 (collectively referred to as "Defendants"), alleging as follows:

## I.    INTRODUCTION

1.1    This is a class action pursuant to Rule 23 of the Superior Court Civil Rules by Plaintiff against Defendants.

1.2    Plaintiff, either named or represented herein, are current and former non-exempt employees who have been employed by Defendants and/or have otherwise been victimized by Defendants' unlawful compensation practices.

1.3    Defendants also engaged in a common practice of not paying Plaintiff for all regular and overtime hours worked.

1.4    Defendants engaged in a systematic policy and practice of denying rest breaks and meal breaks—and thereby wages—to its non-exempt employees.

1.5    Defendants failed to compensate their employees and other non-employee individuals for missed rest breaks, meal breaks, overtime, and other activities protected under state and federal law.

1.6    Defendants' unlawful conduct was willful.

1.7    Accordingly, Plaintiff seeks relief on a class-wide basis for rest breaks, meal breaks, underpaid overtime wages, and other labor violations enumerated herein.

1.8    Plaintiff seeks double damages for Defendants' past and ongoing willful violations during the relevant time periods enumerated herein.

1.9    Plaintiff also seeks relief for statutory interest, attorneys' fees, costs, enhancements, treble damages, exemplary damages, and any other actual or statutory damages as determined by proof at trial.

//

CLASS ACTION COMPLAINT FOR DAMAGES
Page 2 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## II.    JURISDICTION & VENUE

2.1    Jurisdiction. Defendants operate and/or transact business, in the state of Washington. Defendants hire and/or otherwise employ residents in Washington, including Plaintiff. Defendants therefore obtained the benefits of the laws of Washington as well as Washington's commercial, retail, and/or labor markets.

2.2    Venue. Venue is proper in King County because Defendants operate and/or transact business in King County, and the specific acts and omissions alleged herein occurred in King County.

## III.    PARTIES

3.1    Plaintiff Ethan Edgerton is an individual over 18 years of age, residing in Pierce, who worked for, applied to work for, and/or interviewed for Defendants in Washington as a non-exempt hourly employee from approximately December 4, 2024, to Present.  Plaintiff Edgerton current position is a Leasing Consultant.

3.2    Defendant 1: Defendant Avenue5 Residential LLC is a Delaware foreign limited liability company with a principal place of business in Delaware that maintains operations and conducts business throughout the State of Washington, including in King County. Defendants employed Plaintiff and proposed Class members during the relevant period as set forth below.

3.3    Upon information and belief, there are additional defendants whose true identities are unknown at this time, and Plaintiff reserves the right to modify this pleading with the properly named Defendant(s) as that information becomes available. These DOE Defendants are current or former employers, joint employers, individual defendants, or part of an integrated enterprise of agents with Defendants, who employed Plaintiff or are otherwise liable for the damages sought in this Complaint.

3.4    Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each Defendant may be legally attributable to all others.

//

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## IV. CLASS ACTION ALLEGATIONS

4.1 Plaintiff, individually and on behalf of all others similarly situated, re-alleges and incorporates by reference all allegations set forth herein.

4.2 Pursuant to Washington CR 23, Plaintiff brings this action on behalf of a proposed Class defined as follows ("Class"):

> All current and former non-exempt employees who worked for Defendants in Washington at any time from three years prior to the filing of this action through the date of class certification ("Class Period").

4.3 Excluded from the Class are any entities in which Defendants have a controlling interest, or have a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judicial officers to whom this case is assigned and any member of their immediate family.

4.3 Plaintiff reserves the right to amend or modify the class description with greater specificity, and/or establish various subclass definitions as appropriate at the class certification stage, according to proof.

4.4 Numerosity: Although the precise membership of the entire Class is unknown at this time, the Class is estimated to exceed fifty individuals, identities of whom may be obtained from Defendants' employment and payroll records. The Class is so numerous that joinder of all Class members is impracticable.

4.5 Commonality: Common questions of law and fact as to the Class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to Class members constitute violations of Washington law. Among the questions of law and fact common to Plaintiff and the Class are:

    a.    Whether Defendants engaged in a common course of failing to provide Class members with a ten-minute rest break, on the employer's time, for every four

CLASS ACTION COMPLAINT FOR DAMAGES
Page 4 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

hours of work in violation of Washington Administrative Code ("WAC") 296-126-092 and Revised Code of Washington ("RCW") 49.52.050(2);

b. Whether Defendants engaged in a common course of requiring Class members to work more than three consecutive hours without adequate rest breaks in violation of WAC 296-126-092;

c. Whether Defendants engaged in a common course of failing to ensure Class members have taken the rest breaks to which they are entitled in violation of WAC 296-126-092 and RCW 49.52.050(2);

d. Whether Defendants engaged in a common course of failing to pay Class members an additional ten minutes of appropriate compensation, and/or other enhanced amounts, for each missed rest period in violation of RCW 49.52.050(2);

e. Whether Defendants engaged in a common course of failing to provide Class members with a thirty-minute meal break for every five consecutive hours of work in violation of WAC 296-126-092 and RCW 49.52.050(2);

f. Whether Defendants engaged in a common course of failing to provide Class members with a second thirty-minute meal break for working three or more hours longer than a normal workday in violation of WAC 296-126-092 and RCW 49.52.050(2);

g. Whether Defendants engaged in a common course of failing to ensure that Plaintiff' meal breaks, to which they are entitled, complied with Washington law in violation of WAC 296-126-092 and RCW 49.52.050(2);

h. Whether Defendant has engaged in a common course of failing to pay Class members an additional thirty minutes of appropriate compensation, and/or other enhanced amounts, for each missed meal break in violation of RCW 49.52.050(2);

CLASS ACTION COMPLAINT FOR DAMAGES
Page 5 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

i. Whether Defendants engaged in a common course of failing to pay Plaintiff all overtime compensation to which they are entitled in violation of RCW 49.46.130 and 49.52.050(2);

j. Whether Defendants engaged in a common course of failing to pay Plaintiff on an established regular pay day for all hours worked in violation of the WAC 296-126-023, RCW 49.48.010, 49.46.090, and 49.46.130;

k. Whether Defendants engaged in a common course of failing to keep adequate records of all Plaintiff in violation of RCW 49.46.070, WAC 296-128-010, and 296-128-020;

l. Whether Defendants engaged in a common course of failing to furnish itemized wage statements to Plaintiff at the time of payment of wages in violation of WAC 296-126-040 and 296-128-010;

m. Whether Defendants engaged in a common course of failing to provide and/or carryover paid sick leave for Plaintiff in violation of RCW 49.46.210 and WAC 296-128-620;

n. Whether Defendants engaged in a common course of failing to pay Plaintiff for all sick leave at the greater of (1) the newly increased minimum wage or (2) the Plaintiff' regular and normal wage in violation of RCW 49.46.200;

o. Whether Defendants' violations of Washington law were willful with intent to deprive, and whether Defendants are liable for double damages pursuant to RCW 49.52.070;

p. The nature and extent of Class-wide injury and any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

4.6 Typicality: Plaintiff's claims are typical of the claims of the Class members. Defendants

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

subjected Plaintiff to the same unlawful policies and practices as the Class, which resulted in losses to Plaintiff. Proof of common unlawful business practices and noncompliant policies, which Plaintiff experienced, will establish the right of the Class to recover on the causes of action alleged herein.

4.7    Adequacy: Plaintiff will fairly and adequately represent the interests of the Class, and Plaintiff retained experienced class counsel with significant proficiency in wage and hour claims. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has interests that are contrary to or that conflict with the Class.

4.8    Predominance: Defendants engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct affecting Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

4.9    Superiority: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment allows common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

## V.    SUMMARY OF FACTUAL ALLEGATIONS

5.1    Defendants employ scores of hourly non-exempt workers similarly situated to Plaintiff.

5.2    Class members are current or previous employees of Defendants and, for purposes of the claims enumerated herein, performed work materially similar to that of Plaintiff.

5.3    Common Course of Conduct: Failure to Pay for All Hours of Work. Defendants engaged in a common course of failing to pay minimum and/or regular wages to Plaintiff and the Class members for all hours worked.

5.4    Plaintiff's "off-the-clock" work included, without limitation: arriving at work prior to his 9:00 a.m. scheduled start time to open and prepare residential units, performing administrative tasks, and responding to mandatory work group chats before clocking in. Defendants enforced a strict policy requiring employees to clock in only at their exact scheduled shift start time, so that despite being

CLASS ACTION COMPLAINT FOR DAMAGES
Page 7 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

present and performing work duties, Plaintiff's supervisor would not permit him to clock in until 9:00 a.m.

5.5   Off-the-clock work also occurred after scheduled shifts, including following up with prospective and current residents by phone and responding to work group chat inquiries while at home. Additionally, Defendants auto-deducted meal period time from Plaintiff's wages on days— particularly Saturdays—when Plaintiff was not completely relieved of his duties. Plaintiff was not compensated for this work performed outside of his recorded hours.

5.6   Because Defendants failed to include time worked during meal periods, rest periods, and "off-the-clock" work, Defendants unlawfully failed to pay the wages Plaintiff was entitled to receive. This unpaid time is compensable under Washington law because Plaintiff (1) was not completely relieved of their duties, (2) was interrupted or subject to interruptions with work duties during any attempted meal or rest period, (3) entirely skipped meal and rest periods due to work demands, and/or (4) were explicitly directed not to enjoy their entitled rest periods by Defendants.

5.7   As a result, Defendants are liable for unpaid wages.

5.8   Common Course of Conduct: Failure to Pay Overtime Compensation. Defendants engaged in a common course of failing to pay one and one-half times the regular rate of pay when Plaintiff and the Class worked overtime.

5.9   When Plaintiff worked more than forty hours in a workweek, Defendants failed to pay them one and one-half times their regular rate of pay due to Defendants' failure to pay for time worked during meal periods and "off-the-clock" and failure pay overtime at the "regular rate of pay."

5.10  Further, Plaintiff earned non-discretionary bonuses, commissions, and/or piece rate pay which Defendants failed to include in the regular rate when calculating overtime compensation.

5.11  An illustrative example of this violation is shown on Plaintiff's wage statements. Specifically, Plaintiff regularly earned non-discretionary commissions for executed leases (up to $2,400.00 or more per month) and $50.00 incentive payments for Google reviews. Defendants failed to include these non-discretionary payments in the regular rate of pay when calculating overtime

CLASS ACTION COMPLAINT FOR DAMAGES
Page 8 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

compensation.

5.12   Defendants engaged in a common course of conduct of calculating overtime for Plaintiff and the Class in ways that resulted in an overtime rate of pay lower than permissible by Washington law.

5.13   When Plaintiff and the class performed work, Defendants failed to pay them all overtime wages due as a result of Defendants' failure to (1) pay overtime at the correct rate (*i.e.*, the regular rate of pay) and (2) include time worked during meal periods, rest periods, and "off-the-clock" work. This unpaid time is compensable under Washington law because Plaintiff (1) was not completely relieved of their duties, (2) was interrupted or subject to interruptions with work duties during any attempted meal or rest period, (3) entirely skipped meal and rest periods due to work demands, and/or (4) was explicitly directed not to enjoy their entitled rest periods by Defendants.

5.14   Common Course of Conduct: Failure to Provide Rest Breaks. Defendants engaged in a common course of failing to provide Plaintiff a paid ten-minute rest break for every four hours of work.

5.15   Defendants engaged in a common course of requiring or permitting Plaintiff to work more than three consecutive hours without a rest break.

5.16   Defendants engaged in a common course of failing to ensure Plaintiff could take state law-mandated ten-minute breaks and/or, in violation of Washington authority, allowed Plaintiff to waive these ten-minute rest periods.

5.17   Throughout the Class Period, Defendants expected and required Plaintiff to be available to work during their entire shifts, even during attempted rest breaks.

5.18   Plaintiff members on average worked shifts ranging from six to ten hours and Defendants did not provide or ensure that they received the rest breaks to which they were entitled because Defendants required Plaintiff to be available to customers and inadequately staffed coverage for rest breaks.

5.19   Defendants engaged in a common course of failing to provide Plaintiff with ten minutes

CLASS ACTION COMPLAINT FOR DAMAGES
Page 9 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

of additional pay, and any enhancements or other amounts owed therein, for each missed rest break, resulting in unpaid minimum wage and overtime.

5.20 Common Course of Conduct: Failure to Provide Meal Breaks. Defendants engaged in a common course of failing to provide Plaintiff and the Class with a thirty-minute meal break for every five hours of work.

5.21 Defendants engaged in a common course of requiring or permitting Plaintiff and the Class to work more than five consecutive hours without a meal break.

5.22 Defendants engaged in a common course of failing to ensure Plaintiff's and the Class entitled meal breaks comply with Washington law.

5.23 Plaintiff's time records confirm a pattern and practice of late and missed meal breaks throughout his employment. No additional time or premiums were paid on wage statements for these missed breaks. A review of Plaintiff's time records confirmed that, although the timekeeping system recorded one-hour unpaid meal breaks—particularly on Saturdays—Plaintiff was never completely relieved of his duties during those periods. On Saturdays, Plaintiff was the sole leasing agent on duty, managing high-volume tour days with up to eight (8) property tours per day. Plaintiff was required to remain on-site and available to residents and prospective tenants throughout the day. Despite not being relieved of duty, Defendants auto-deducted one hour of unpaid meal break time from Plaintiff's pay on Saturdays. Because Plaintiff was not completely relieved of duty during these periods, the auto-deducted meal periods were not valid under Washington law and constituted compensable work time. Additionally, Defendants engaged in a practice of auto-deducting meal period time regardless of whether employees were actually relieved, which Plaintiff explicitly reported to management.

5.24 Defendants engaged in a common course of failing to provide Plaintiff with thirty minutes of additional pay, and any enhancements therein, for each missed meal break, resulting in unpaid minimum wage and overtime.

5.25 Common Course of Conduct: Failure to Maintain and Provide Accurate Payroll Records. Defendants engaged in a common course of failing to keep true and accurate time records for all hours

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

worked by Plaintiff and the Class.

5.26 As a result of Defendants' common course of failing to provide proper rest and meal breaks to Plaintiff and class members, Defendants also failed to maintain accurate records of hours worked by Plaintiff and the Class.

5.27 Defendant has engaged in a common course of failing to provide proper payroll documents to Plaintiff.

5.28 Common Course of Conduct: Failure to Provide Pay Sick Pay. Defendants engaged in a common course of failing to provide and/or accrue paid sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class Members.

5.29 Defendants failed to properly accrue paid sick leave for Plaintiff and the Class at the rate of at least one hour for every forty hours worked. Defendants further failed to allow the carryover of at least forty hours of unused paid sick leave to the following year. When Plaintiff and Class members used paid sick leave, Defendants failed to compensate them at the greater of (1) the applicable minimum wage or (2) their regular and normal wage rate, as required by RCW 49.46.200.

5.30 Common Course of Conduct: Failure to Pay all Wages due at Separation. Defendants have engaged in a common course of failing to pay all wages due at termination.

5.31 Common Course of Conduct: Unlawful Noncompete Covenants. Defendants implemented a noncompete covenant whereby Plaintiff was required to sign and comply with a "Conflict of Interest Policy and Disclosure" that prohibits associates from having any affiliation with or interest in a competitor of Defendants.

5.32 Defendants engaged in a common course of restricting, restraining, and/or prohibiting Plaintiff, and Defendants' limitations were not narrowly drawn or justified by legitimate business interests.

5.33 At all relevant times, Plaintiff earned less than twice the state minimum wage.

5.34 Specifically, Defendants' Conflict of Interest Policy prohibited Plaintiff and Class members from having any affiliation with or interest in a competitor of Defendants. At all relevant

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

times, Plaintiff earned less than twice the applicable state minimum wage. This policy constitutes an unlawful restriction on Plaintiff's ability to seek supplemental employment.

5.35 Defendants have actual or constructive knowledge of the facts alleged herein.

5.36 Defendants' violations as alleged herein were willful with the intent to deprive Plaintiff of "any part" of their wages. *See Androckitis v. Virginia Mason Medical Center*, 556 P.3d 714, 738 (2024) (finding that there is a "low standard for willfulness" concerning the Washington wage laws, and an employer's conduct is willful when they had notice of potential violations).

## VI.   FIRST CLAIM FOR RELIEF

### (Payment of Wages Less Than Entitled in Violation of RCW 49.46.090)

### *On Behalf of Plaintiff and the Class*

6.1   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

6.2   The WMWA establishes mandatory minimum wage requirements and labor standards for employment tied to Washington.

6.3   RCW 49.46.090 prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed, and for attorneys' fees and costs as may be allowed by the court.

6.4   RCW 49.46.090 requires employers to pay employees for all wages to which they are entitled under the WMWA. RCW 49.46.010 defines such wages to include compensation due to an employee by reason of employment, subject to any deductions as may be permitted by law.

6.5   Missed rest break time is compensable under Washington law because WAC 296-126-092 demands employees be allowed a rest period of at least ten minutes on the employer's time for every four hours of work.

6.6   By the actions alleged herein, Defendants failed to pay all owed wages to Plaintiff and the Class.

6.7   Defendants violated the provisions of RCW 49.46.090, RCW 49.46.130, RCW

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

49.52.050, WAC 296-126-023, and WAC 296-126-092, by willfully failing to pay Plaintiffs for all wages to which they are/were entitled to under the WMWA.

6.8    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

6.9    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## VII.    SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages in Violation of RCW 49.46.130)

#### *On Behalf of Plaintiff and the Class*

7.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2    RCW 49.46.090 prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed, and for attorneys' fees and costs as may be allowed by the court.

7.3    RCW 49.46.130 states, in pertinent part, "no employer shall employ any of his or her employers for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

7.4    Defendants violated RCW 49.46.130 by willfully failing to pay the required overtime rate to Plaintiff and the Class during the class period during workweeks in which Plaintiff worked more than forty hours, inclusive of hours worked.

7.5    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

7.6    Therefore, Plaintiff is entitled to the recovery of such damages, including any

CLASS ACTION COMPLAINT FOR DAMAGES
Page 13 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

### VIII.    THIRD CLAIM FOR RELIEF

#### (Failure to Provide Rest Break in Violation of WAC 296-126-092)

#### *On Behalf of Plaintiff and the Class*

8.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2    RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

8.3    RCW 49.12.020 makes it unlawful "to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health . . . ."

8.4    WAC 296-126-092 establishes that employees shall be allowed paid rest breaks during their shifts, and Defendants have a duty to ensure employees have the opportunity to take their entitled rest breaks. *See Brady v. AutoZone Stores, Inc.*, 188 Wn.2d 576, 584 (2017) (holding that employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law).

8.5    Missed rest break time is compensable under Washington law because WAC 296-126-092 demands employees be allowed a rest period of at least ten minutes on the employer's time for every four hours of work.

8.6    Under Washington law, Defendants must provide employees with the rest periods to which they are entitled. Rest periods shall be scheduled as near as possible to the midpoint of the work period and must be taken before the employees' third consecutive hour of work.

8.7    Failure to do so results in an employer's duty to pay employees ten minutes of additional pay for each missed rest break.

CLASS ACTION COMPLAINT FOR DAMAGES
Page 14 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

8.8    Violations of RCW 49.12, *et seq.* entitles aggrieved employees to an implied cause of action for all unpaid wages against an employer, officer, vice principal, and/or agent thereof, including wages owed to employees pursuant to properly promulgated regulations. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 847-51 (2002).

8.9    Defendants violated the provisions of RCW 49.12.010, 49.12.020, 49.52.050, and WAC 296-126-092 by willfully failing to provide rest periods, interrupting rest periods, failing to ensure employees could take their entitled rest periods, and failing to pay Plaintiff for missed rest breaks.

8.10    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

8.11    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## IX.    FOURTH CLAIM FOR RELIEF

### (Failure to Provide Meal Periods in Violation of WAC 296-126-092)

#### *On Behalf of Plaintiff and the Class*

9.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2    RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

9.3    RCW 49.12.020 makes it unlawful "to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health . . . ."

9.4    WAC 296-126-092 establishes that employees shall be allowed qualified unpaid meal breaks during their shifts, and Defendants have a duty to ensure employees have the opportunity to

CLASS ACTION COMPLAINT FOR DAMAGES
Page 15 of 21

take their entitled meal breaks. *See Brady, supra,* 188 Wn.2d at 584 (2017) (holding that employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law).

9.5     WAC 296-126-092 establishes that "[e]mployees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period."

9.6     WAC 296-126-092 establishes that employees shall be allowed unpaid meal periods during their shifts if the shift is longer than five consecutive hours. WAC 296-126-092 requires that no employee be required to work for than five consecutive hours without a meal period.

9.7     If an employer fails to comply with Washington law with respect to meal period, the employer must pay employees thirty minutes of additional pay for each missed (or otherwise non-compliant) meal break.

9.8     Violations of RCW 49.12, *et seq.,* entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, officer, vice principal, and/or agent thereof, including wages owed to employees pursuant to properly promulgated regulations. *Wingert, supra,* 146 Wn.2d at 847-51 (2002).

9.9     Defendants violated the provisions of RCW 49.12.010, 49.12.020, 49.52.050, and WAC 296-126-092 by willfully failing to provide meal periods, interrupting meal periods, failing to ensure employees could take their entitled meal periods, and/or failing to pay Plaintiff for missed meal breaks.

9.10     Defendants violated the provisions of RCW 49.12.010, 49.12.020, 49.52.050, and WAC 296-126-092 by willfully failing to provide a second meal period, interrupting second meal periods, failing to ensure employees could take their entitled second meal periods, and/or failing to pay Plaintiff for missed second meal breaks for Plaintiff working three or more hours longer than a normal work-day.

9.11     As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been

CLASS ACTION COMPLAINT FOR DAMAGES
Page 16 of 21

deprived of compensation in amounts to be determined by proof at trial.

9.12    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## X.    FIFTH CLAIM FOR RELIEF

### (Failure to Provide and Pay Sick Leave in Violation of WAC 296-128-620)

### *On Behalf of Plaintiff and the Class*

10.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

10.2    RCW 49.46.090 prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed, and for attorneys' fees and costs as may be allowed by the court.

10.3    The Washinton Paid Safe and Paid Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620 require that employees must accrue at least one hour of paid sick leave for every forty hours worked.

10.4    Employees must be allowed to carry over at least forty hours of accrued, unused paid sick leave to the following year.

10.5    Under RCW 49.46.200, employers must compensate employees all sick leave at the greater of the minimum wage or the employees' regular and normal wages.

10.6    By the actions alleged above, Defendants violated the provisions of RCW49.46, *et seq.*, 49.52.050, WAC 296-128-620, and 296-126-023 by willfully failing to pay and provide paid sick leave in compliance with Washington law.

10.7    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

10.8    Therefore, Plaintiff is entitled to the recovery of such damages, including any

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## XI.   SIXTH CLAIM FOR RELIEF

### (Failure to Pay All Wages Due at Separation in Violation of RCW 49.48.010)

### *On Behalf of Plaintiff and the Class*

11.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

11.2    RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

11.3    Under RCW 49.46.090, employers must pay employees *all* wages to which they are entitled pursuant to the WMWA.

11.4    Defendants failed to pay Plaintiff and the Class all wages due at the separation of their employment in accordance with the timing requirements of RCW 49.48.010. This includes, but is not limited to, failing to pay Plaintiff for all wages earned in the final pay period, failing to pay Plaintiff for all wages earned in prior pay periods, and failure to pay Plaintiff their final paycheck at the end of the established pay period.

11.5    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

11.6    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

//

CLASS ACTION COMPLAINT FOR DAMAGES
Page 18 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## XII.    SEVENTH CLAIM FOR RELIEF

### (Willful Refusal to Pay Wages)

### *On Behalf of Plaintiff and the Class*

12.1.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.2.    RCW 49.52.050 provides that any employer or officer, vice principal or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

12.3.    RCW 49.52.070 provides that any employer who willfully violates the provisions of RCW 49.52.050(1) and (2) with the intent to deprive shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

12.4.    Defendants' violations as alleged herein were willful with the intent to deprive Plaintiff of "any part" of their wages. *See Androckitis, supra,* 556 P.3d at 738 (finding that there is a "low standard for willfulness" concerning the Washington wage laws, and an employer's conduct is willful when they had notice of potential violations).

12.5.    As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

12.6.    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

12.7.    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

//

//

CLASS ACTION COMPLAINT FOR DAMAGES
Page 19 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## XIII.     EIGHTH CLAIM FOR RELIEF

### (Unlawful Noncompetition Covenant in Violation of RCW 49.62, *et seq.*)

### *On Behalf of Plaintiff and the Class*

13.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

13.2    RCW 49.62.020 makes noncompetition covenants generally void and unenforceable unless an employer provides independent consideration for the covenant.

13.3    Under RCW 49.62.020, there is a rebuttable presumption that any such agreement lasting more than eighteen months after termination of employment is unreasonable and unenforceable.

13.4    RCW 49.62.070 states, in pertinent part, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed."

13.5    As such, based on the above allegations, Defendants violated the provisions of RCW 49.62.020 and RCW 49.62.070.

13.6    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## XIV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, prays for judgment against Defendants, as follows:

A.    Certify the proposed Class;

B.    Appoint Plaintiff as representative of the Class;

C.    Appoint the undersigned attorneys as counsel for the Class;

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

D. An order finding that Defendants violated Washington Law;

E. A declaratory judgment that Defendants willfully violated WAC 296-126-092 by failing to provide Plaintiff and Class members with statutory meal periods, rest periods, overtime pay, and/or any other part of their wages;

F. All unpaid wages due under Washington Law;

G. An award of double damages as provided by Washington Law;

H. An award of treble damages as provided by Washington Law;

I. Award compensatory, liquidated, enhanced, and exemplary damages to Plaintiff and Class members for violation of state wage and hour laws, in amounts to be proven at trial;

J. Award Plaintiff and Class members their attorneys' fees and costs, as allowed by law;

K. Award Plaintiff and Class members prejudgment and post-judgment interest, as provided by law;

L. An award of any statutory penalties;

M. Permit Plaintiff and Class members leave to amend the complaint to conform to the evidence presented at trial; and

N. Grant such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 11th day of June, 2026.

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By: _____
Erin M. O'Leary (State Bar No. 46803)
Email: erin@ferrarovega.com
Nicholas J. Ferraro (State Bar No. 59674)
Email: nick@ferrarovega.com
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES
Page 21 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

FILED
2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | | |
|---|---|---|
| ETHAN EDGERTON | | No. 26-2-19029-1  KNT |
| | Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| VS | | **ASSIGNED JUDGE: Nikole Hecklinger, Dept. 23** |
| AVENUE5 RESIDENTIAL LLC | | |
| | | FILED DATE: 06/11/2026 |
| | Defendant(s) | TRIAL DATE:06/14/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

**I. NOTICES**

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the ***Summons and Complaint/Petition***. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 06/11/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$250 arbitration fee must be paid** | 11/19/2026 |
| * | DEADLINE to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 11/19/2026 |
| | DEADLINE for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 12/03/2026 |
| | DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 01/11/2027 |
| | DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 02/22/2027 |
| | DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | 03/08/2027 |
| | DEADLINE for a Change in Trial Date [See KCLCR 40(e)(2)]. | 03/08/2027 |
| | DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | 04/26/2027 |
| | DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 05/17/2027 |
| | DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 05/24/2027 |
| * | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 05/24/2027 |
| | DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 06/01/2027 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 06/07/2027 |
| | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 06/07/2027 |
| | Trial Date [See KCLCR 40]. | 06/14/2027 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:    06/11/2026

_Avoil Rathrock_

PRESIDING JUDGE

Order Setting Civil Case Schedule (ORSCS-CV)
Rev. 04/24/2023

Page 3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

### C. Form
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____

PRESIDING JUDGE

FILED
2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>SUMMONS (20 days) |

Summons - 1

**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

TO THE DEFENDANT AVENUE5 RESIDENTIAL LLC: A lawsuit has been started against you in the above-entitled court by ETHAN EDGERTON, individually and on behalf of all others similarly situated, Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 11th day of June, 2026.

Respectfully submitted,
*Ferraro Vega Employment Lawyers, Inc.*

By: _____
Erin M. O'Leary (State Bar No. 46803)
Email: erin@ferrarovega.com
Nicholas J. Ferraro (State Bar No. 59674)
Email: Nick@ferrarovega.com
3333 Camino Del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855
*Attorneys For Plaintiff*

Summons - 2

FILED

2026 JUL 02 10:09 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

THE HONORABLE NIKOLE HECKLINGER

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 26-2-19029-1 KNT <br><br> **NOTICE OF APPEARANCE OF TIFFANY L. LEE ON BEHALF OF DEFENDANT AVENUE5 RESIDENTIAL LLC** |

TO:          Clerk of the Court

AND TO:     All Parties and Counsel of Records

PLEASE TAKE NOTICE that, without waiving any defense, Tiffany L. Lee, of Bradley Bernstein Sands LLP, who is admitted to practice before this Court, hereby enters her appearance

-1-

on behalf of Defendant Avenue5 Residential LLC in the above-titled action and requests that notice of all further proceedings, except original process, be served upon the undersigned at the address stated below or electronically through the Court's e-filing system.

Respectfully submitted this 2nd day of July, 2026.

BRADLEY BERNSTEIN SANDS LLP

By: ___/s/ Tiffany L. Lee_____

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281

tlee@bradleybernstein.com

Attorney for Defendant Avenue5 Residential LLC

-2-

**<u>CERTIFICATE OF SERVICE</u>**

I, Tiffany L. Lee, hereby certify that on July 2, 2026, I caused true and correct copies of the foregoing to be served via the means indicated below:

| | |
|---|---|
| Erin M. O'Leary<br>Nicholas J. Ferraro<br>3333 Camino del Rio South, Suite 300<br>San Diego, CA 92108<br>erin@ferarrovega.com<br>nick@ferarrovega.com<br>Telephone: (619) 693-7727<br>Fascimile: (619) 350-6855 | ☐ Via hand delivery<br>☐ Via U.S. Mail, 1ˢᵗ Class, Postage Prepaid<br>☐ Via Overnight Delivery<br>☒ Via Email<br>☒ Via Eservice |

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this 2nd day of July, 2026.

By:  */s/ Tiffany L. Lee*
        Tiffany L. Lee, WSBA #51979

FILED
2026 JUL 02 10:14 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

THE HONORABLE NIKOLE HECKLINGER

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

ETHAN EDGERTON, individually and on
behalf of all others similarly situated,

        Plaintiff,

 v.

AVENUE5 RESIDENTIAL LLC, a Delaware
foreign limited liability company; and DOES
1 through 10, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 26-2-19029-1 KNT

**STIPULATION AND AGREED
ORDER EXTENDING TIME FOR
DEFENDANT AVENUE5
RESIDENTIAL, LLC TO RESPOND
TO COMPLAINT**

**STIPULATION**

Plaintiff ETHAN EDGERTON ("Plaintiff") and Defendant AVENUE5 RESIDENTIAL LLC ("Defendant"), through their undersigned counsel, stipulate and agree as follows:

On June 16, 2026, Plaintiff served his complaint in the above-captioned action. Accordingly, absent an extension of time, CR 12(a)(1) would require Defendant to answer or otherwise respond to the Complaint on or before July 6 2026.

-1-

In order to allow sufficient time to evaluate the allegations in the complaint and prepare a response, the parties hereby stipulate and agree that the time for Defendant to respond to the Complaint is extended from July 6, 2026 until July 28, 2026.

Respectfully submitted this 2nd day of July, 2026.

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By:    /s/ Nicholas J. Ferraro

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727

nick@ferrarovega.com

Attorney for Plaintiff Ethan Edgerton

BRADLEY BERNSTEIN SANDS LLP

By:    /s/ Tiffany L. Lee

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281

tlee@bradleybernstein.com

Attorney for Defendant Avenue5 Residential LLC

## ORDER

This matter having come before the Court upon the Stipulation of the parties set forth above, and it appearing to the Court that the following Order should be entered herein, now, therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that the time for Defendant Avenue 5 Residential LLC to respond to Plaintiff's Complaint in the above-captioned action is extended from July 6, 2026 until July 28, 2026.

DATED this _____ day of July, 2026.

_____
Judge/Court Commissioner

Presented by:

BRADLEY BERNSTEIN SANDS LLP

By:  _/s/ Tiffany L. Lee_

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281
tlee@bradleybernstein.com

Attorney for Defendant Avenue5 Residential LLC

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By:  _/s/ Nicholas J. Ferraro_

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727
nick@ferrarovega.com

Attorney for Plaintiff Ethan Edgerton

-3-

FILED
2026 JUL 06 02:54 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

THE HONORABLE NIKOLE HECKLINGER

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 26-2-19029-1 KNT<br><br>**STIPULATION AND AGREED ORDER EXTENDING TIME FOR DEFENDANT AVENUE5 RESIDENTIAL, LLC TO RESPOND TO COMPLAINT** |

**STIPULATION**

Plaintiff ETHAN EDGERTON ("Plaintiff") and Defendant AVENUE5 RESIDENTIAL LLC ("Defendant"), through their undersigned counsel, stipulate and agree as follows:

On June 16, 2026, Plaintiff served his complaint in the above-captioned action. Accordingly, absent an extension of time, CR 12(a)(1) would require Defendant to answer or otherwise respond to the Complaint on or before July 6 2026.

-1-

In order to allow sufficient time to evaluate the allegations in the complaint and prepare a response, the parties hereby stipulate and agree that the time for Defendant to respond to the Complaint is extended from July 6, 2026 until July 28, 2026.

Respectfully submitted this 2nd day of July, 2026.

FERRARO VEGA EMPLOYMENT
LAWYERS, INC.

By:      /s/ Nicholas J. Ferraro

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727

nick@ferrarovega.com


Attorney for Plaintiff Ethan Edgerton

BRADLEY BERNSTEIN SANDS LLP

By:    /s/ Tiffany L. Lee

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281

tlee@bradleybernstein.com


Attorney for Defendant Avenue5 Residential
LLC

**ORDER**

This matter having come before the Court upon the Stipulation of the parties set forth above, and it appearing to the Court that the following Order should be entered herein, now, therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that the time for Defendant Avenue 5 Residential LLC to respond to Plaintiff's Complaint in the above-captioned action is extended from July 6, 2026 until July 28, 2026.

DATED this _____ day of July, 2026.

_____
Judge/~~Court Commissioner~~

Presented by:

BRADLEY BERNSTEIN SANDS LLP

By:  _/s/ Tiffany L. Lee_____

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281
tlee@bradleybernstein.com

Attorney for Defendant Avenue5 Residential LLC

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By:  ___/s/ Nicholas J. Ferraro_____

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727
nick@ferrarovega.com

Attorney for Plaintiff Ethan Edgerton

-3-

**King County Superior Court**
**Judicial Electronic Signature Page**

Case Number:     26-2-19029-1  KNT
Case Title:      EDGERTON VS AVENUE5 RESIDENTIAL LLC

Document Title:  Order Granting Motion / Petition

Date Signed:     07/06/2026

_____
                 Judge: Nikole Hecklinger

Key/ID Number:     *389584220*

Page Count:        This document contains 4 page(s) plus this signature page.

# Exhibit 1

FILED

2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES<br><br><br>JURY TRIAL REQUESTED |

CLASS ACTION COMPLAINT FOR DAMAGES
Page 1 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

Plaintiff ETHAN EDGERTON ("Plaintiff"), individually and on behalf of all others similarly situated (collectively referred to as "Plaintiff") bring this Class Action Complaint against Defendants AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10 (collectively referred to as "Defendants"), alleging as follows:

## I.   INTRODUCTION

1.1   This is a class action pursuant to Rule 23 of the Superior Court Civil Rules by Plaintiff against Defendants.

1.2   Plaintiff, either named or represented herein, are current and former non-exempt employees who have been employed by Defendants and/or have otherwise been victimized by Defendants' unlawful compensation practices.

1.3   Defendants also engaged in a common practice of not paying Plaintiff for all regular and overtime hours worked.

1.4   Defendants engaged in a systematic policy and practice of denying rest breaks and meal breaks—and thereby wages—to its non-exempt employees.

1.5   Defendants failed to compensate their employees and other non-employee individuals for missed rest breaks, meal breaks, overtime, and other activities protected under state and federal law.

1.6   Defendants' unlawful conduct was willful.

1.7   Accordingly, Plaintiff seeks relief on a class-wide basis for rest breaks, meal breaks, underpaid overtime wages, and other labor violations enumerated herein.

1.8   Plaintiff seeks double damages for Defendants' past and ongoing willful violations during the relevant time periods enumerated herein.

1.9   Plaintiff also seeks relief for statutory interest, attorneys' fees, costs, enhancements, treble damages, exemplary damages, and any other actual or statutory damages as determined by proof at trial.

//

CLASS ACTION COMPLAINT FOR DAMAGES
Page 2 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## II. JURISDICTION & VENUE

2.1 Jurisdiction. Defendants operate and/or transact business, in the state of Washington. Defendants hire and/or otherwise employ residents in Washington, including Plaintiff. Defendants therefore obtained the benefits of the laws of Washington as well as Washington's commercial, retail, and/or labor markets.

2.2 Venue. Venue is proper in King County because Defendants operate and/or transact business in King County, and the specific acts and omissions alleged herein occurred in King County.

## III. PARTIES

3.1 Plaintiff Ethan Edgerton is an individual over 18 years of age, residing in Pierce, who worked for, applied to work for, and/or interviewed for Defendants in Washington as a non-exempt hourly employee from approximately December 4, 2024, to Present. Plaintiff Edgerton current position is a Leasing Consultant.

3.2 Defendant 1: Defendant Avenue5 Residential LLC is a Delaware foreign limited liability company with a principal place of business in Delaware that maintains operations and conducts business throughout the State of Washington, including in King County. Defendants employed Plaintiff and proposed Class members during the relevant period as set forth below.

3.3 Upon information and belief, there are additional defendants whose true identities are unknown at this time, and Plaintiff reserves the right to modify this pleading with the properly named Defendant(s) as that information becomes available. These DOE Defendants are current or former employers, joint employers, individual defendants, or part of an integrated enterprise of agents with Defendants, who employed Plaintiff or are otherwise liable for the damages sought in this Complaint.

3.4 Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each Defendant may be legally attributable to all others.

//

CLASS ACTION COMPLAINT FOR DAMAGES
Page 3 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## IV.    CLASS ACTION ALLEGATIONS

4.1    Plaintiff, individually and on behalf of all others similarly situated, re-alleges and incorporates by reference all allegations set forth herein.

4.2    Pursuant to Washington CR 23, Plaintiff brings this action on behalf of a proposed Class defined as follows ("Class"):

> All current and former non-exempt employees who worked for Defendants in Washington at any time from three years prior to the filing of this action through the date of class certification ("Class Period").

4.3    Excluded from the Class are any entities in which Defendants have a controlling interest, or have a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judicial officers to whom this case is assigned and any member of their immediate family.

4.3    Plaintiff reserves the right to amend or modify the class description with greater specificity, and/or establish various subclass definitions as appropriate at the class certification stage, according to proof.

4.4    Numerosity: Although the precise membership of the entire Class is unknown at this time, the Class is estimated to exceed fifty individuals, identities of whom may be obtained from Defendants' employment and payroll records.  The Class is so numerous that joinder of all Class members is impracticable.

4.5    Commonality: Common questions of law and fact as to the Class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to Class members constitute violations of Washington law. Among the questions of law and fact common to Plaintiff and the Class are:

> a.    Whether Defendants engaged in a common course of failing to provide Class members with a ten-minute rest break, on the employer's time, for every four

CLASS ACTION COMPLAINT FOR DAMAGES
Page 4 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

hours of work in violation of Washington Administrative Code ("WAC") 296-126-092 and Revised Code of Washington ("RCW") 49.52.050(2);

b. Whether Defendants engaged in a common course of requiring Class members to work more than three consecutive hours without adequate rest breaks in violation of WAC 296-126-092;

c. Whether Defendants engaged in a common course of failing to ensure Class members have taken the rest breaks to which they are entitled in violation of WAC 296-126-092 and RCW 49.52.050(2);

d. Whether Defendants engaged in a common course of failing to pay Class members an additional ten minutes of appropriate compensation, and/or other enhanced amounts, for each missed rest period in violation of RCW 49.52.050(2);

e. Whether Defendants engaged in a common course of failing to provide Class members with a thirty-minute meal break for every five consecutive hours of work in violation of WAC 296-126-092 and RCW 49.52.050(2);

f. Whether Defendants engaged in a common course of failing to provide Class members with a second thirty-minute meal break for working three or more hours longer than a normal workday in violation of WAC 296-126-092 and RCW 49.52.050(2);

g. Whether Defendants engaged in a common course of failing to ensure that Plaintiff' meal breaks, to which they are entitled, complied with Washington law in violation of WAC 296-126-092 and RCW 49.52.050(2);

h. Whether Defendant has engaged in a common course of failing to pay Class members an additional thirty minutes of appropriate compensation, and/or other enhanced amounts, for each missed meal break in violation of RCW 49.52.050(2);

CLASS ACTION COMPLAINT FOR DAMAGES
Page 5 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

i.    Whether Defendants engaged in a common course of failing to pay Plaintiff all overtime compensation to which they are entitled in violation of RCW 49.46.130 and 49.52.050(2);

j.    Whether Defendants engaged in a common course of failing to pay Plaintiff on an established regular pay day for all hours worked in violation of the WAC 296-126-023, RCW 49.48.010, 49.46.090, and 49.46.130;

k.    Whether Defendants engaged in a common course of failing to keep adequate records of all Plaintiff in violation of RCW 49.46.070, WAC 296-128-010, and 296-128-020;

l.    Whether Defendants engaged in a common course of failing to furnish itemized wage statements to Plaintiff at the time of payment of wages in violation of WAC 296-126-040 and 296-128-010;

m.    Whether Defendants engaged in a common course of failing to provide and/or carryover paid sick leave for Plaintiff in violation of RCW 49.46.210 and WAC 296-128-620;

n.    Whether Defendants engaged in a common course of failing to pay Plaintiff for all sick leave at the greater of (1) the newly increased minimum wage or (2) the Plaintiff' regular and normal wage in violation of RCW 49.46.200;

o.    Whether Defendants' violations of Washington law were willful with intent to deprive, and whether Defendants are liable for double damages pursuant to RCW 49.52.070;

p.    The nature and extent of Class-wide injury and any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

4.6    Typicality: Plaintiff's claims are typical of the claims of the Class members. Defendants

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

subjected Plaintiff to the same unlawful policies and practices as the Class, which resulted in losses to Plaintiff. Proof of common unlawful business practices and noncompliant policies, which Plaintiff experienced, will establish the right of the Class to recover on the causes of action alleged herein.

4.7    Adequacy: Plaintiff will fairly and adequately represent the interests of the Class, and Plaintiff retained experienced class counsel with significant proficiency in wage and hour claims. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has interests that are contrary to or that conflict with the Class.

4.8    Predominance: Defendants engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct affecting Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

4.9    Superiority: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment allows common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

## V.    SUMMARY OF FACTUAL ALLEGATIONS

5.1    Defendants employ scores of hourly non-exempt workers similarly situated to Plaintiff.

5.2    Class members are current or previous employees of Defendants and, for purposes of the claims enumerated herein, performed work materially similar to that of Plaintiff.

5.3    Common Course of Conduct: Failure to Pay for All Hours of Work. Defendants engaged in a common course of failing to pay minimum and/or regular wages to Plaintiff and the Class members for all hours worked.

5.4    Plaintiff's "off-the-clock" work included, without limitation: arriving at work prior to his 9:00 a.m. scheduled start time to open and prepare residential units, performing administrative tasks, and responding to mandatory work group chats before clocking in. Defendants enforced a strict policy requiring employees to clock in only at their exact scheduled shift start time, so that despite being

CLASS ACTION COMPLAINT FOR DAMAGES
Page 7 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

present and performing work duties, Plaintiff's supervisor would not permit him to clock in until 9:00 a.m.

5.5  Off-the-clock work also occurred after scheduled shifts, including following up with prospective and current residents by phone and responding to work group chat inquiries while at home. Additionally, Defendants auto-deducted meal period time from Plaintiff's wages on days—particularly Saturdays—when Plaintiff was not completely relieved of his duties. Plaintiff was not compensated for this work performed outside of his recorded hours.

5.6  Because Defendants failed to include time worked during meal periods, rest periods, and "off-the-clock" work, Defendants unlawfully failed to pay the wages Plaintiff was entitled to receive. This unpaid time is compensable under Washington law because Plaintiff (1) was not completely relieved of their duties, (2) was interrupted or subject to interruptions with work duties during any attempted meal or rest period, (3) entirely skipped meal and rest periods due to work demands, and/or (4) were explicitly directed not to enjoy their entitled rest periods by Defendants.

5.7  As a result, Defendants are liable for unpaid wages.

5.8  Common Course of Conduct: Failure to Pay Overtime Compensation. Defendants engaged in a common course of failing to pay one and one-half times the regular rate of pay when Plaintiff and the Class worked overtime.

5.9  When Plaintiff worked more than forty hours in a workweek, Defendants failed to pay them one and one-half times their regular rate of pay due to Defendants' failure to pay for time worked during meal periods and "off-the-clock" and failure pay overtime at the "regular rate of pay."

5.10  Further, Plaintiff earned non-discretionary bonuses, commissions, and/or piece rate pay which Defendants failed to include in the regular rate when calculating overtime compensation.

5.11  An illustrative example of this violation is shown on Plaintiff's wage statements. Specifically, Plaintiff regularly earned non-discretionary commissions for executed leases (up to $2,400.00 or more per month) and $50.00 incentive payments for Google reviews. Defendants failed to include these non-discretionary payments in the regular rate of pay when calculating overtime

CLASS ACTION COMPLAINT FOR DAMAGES
Page 8 of 21

compensation.

5.12   Defendants engaged in a common course of conduct of calculating overtime for Plaintiff and the Class in ways that resulted in an overtime rate of pay lower than permissible by Washington law.

5.13   When Plaintiff and the class performed work, Defendants failed to pay them all overtime wages due as a result of Defendants' failure to (1) pay overtime at the correct rate (*i.e.*, the regular rate of pay) and (2) include time worked during meal periods, rest periods, and "off-the-clock" work. This unpaid time is compensable under Washington law because Plaintiff (1) was not completely relieved of their duties, (2) was interrupted or subject to interruptions with work duties during any attempted meal or rest period, (3) entirely skipped meal and rest periods due to work demands, and/or (4) was explicitly directed not to enjoy their entitled rest periods by Defendants.

5.14   Common Course of Conduct: Failure to Provide Rest Breaks. Defendants engaged in a common course of failing to provide Plaintiff a paid ten-minute rest break for every four hours of work.

5.15   Defendants engaged in a common course of requiring or permitting Plaintiff to work more than three consecutive hours without a rest break.

5.16   Defendants engaged in a common course of failing to ensure Plaintiff could take state law-mandated ten-minute breaks and/or, in violation of Washington authority, allowed Plaintiff to waive these ten-minute rest periods.

5.17   Throughout the Class Period, Defendants expected and required Plaintiff to be available to work during their entire shifts, even during attempted rest breaks.

5.18   Plaintiff members on average worked shifts ranging from six to ten hours and Defendants did not provide or ensure that they received the rest breaks to which they were entitled because Defendants required Plaintiff to be available to customers and inadequately staffed coverage for rest breaks.

5.19   Defendants engaged in a common course of failing to provide Plaintiff with ten minutes

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

of additional pay, and any enhancements or other amounts owed therein, for each missed rest break, resulting in unpaid minimum wage and overtime.

5.20 Common Course of Conduct: Failure to Provide Meal Breaks. Defendants engaged in a common course of failing to provide Plaintiff and the Class with a thirty-minute meal break for every five hours of work.

5.21 Defendants engaged in a common course of requiring or permitting Plaintiff and the Class to work more than five consecutive hours without a meal break.

5.22 Defendants engaged in a common course of failing to ensure Plaintiff's and the Class entitled meal breaks comply with Washington law.

5.23 Plaintiff's time records confirm a pattern and practice of late and missed meal breaks throughout his employment. No additional time or premiums were paid on wage statements for these missed breaks. A review of Plaintiff's time records confirmed that, although the timekeeping system recorded one-hour unpaid meal breaks—particularly on Saturdays—Plaintiff was never completely relieved of his duties during those periods. On Saturdays, Plaintiff was the sole leasing agent on duty, managing high-volume tour days with up to eight (8) property tours per day. Plaintiff was required to remain on-site and available to residents and prospective tenants throughout the day. Despite not being relieved of duty, Defendants auto-deducted one hour of unpaid meal break time from Plaintiff's pay on Saturdays. Because Plaintiff was not completely relieved of duty during these periods, the auto-deducted meal periods were not valid under Washington law and constituted compensable work time. Additionally, Defendants engaged in a practice of auto-deducting meal period time regardless of whether employees were actually relieved, which Plaintiff explicitly reported to management.

5.24 Defendants engaged in a common course of failing to provide Plaintiff with thirty minutes of additional pay, and any enhancements therein, for each missed meal break, resulting in unpaid minimum wage and overtime.

5.25 Common Course of Conduct: Failure to Maintain and Provide Accurate Payroll Records. Defendants engaged in a common course of failing to keep true and accurate time records for all hours

CLASS ACTION COMPLAINT FOR DAMAGES
Page 10 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

worked by Plaintiff and the Class.

5.26 As a result of Defendants' common course of failing to provide proper rest and meal breaks to Plaintiff and class members, Defendants also failed to maintain accurate records of hours worked by Plaintiff and the Class.

5.27 Defendant has engaged in a common course of failing to provide proper payroll documents to Plaintiff.

5.28 Common Course of Conduct: Failure to Provide Pay Sick Pay. Defendants engaged in a common course of failing to provide and/or accrue paid sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class Members.

5.29 Defendants failed to properly accrue paid sick leave for Plaintiff and the Class at the rate of at least one hour for every forty hours worked. Defendants further failed to allow the carryover of at least forty hours of unused paid sick leave to the following year. When Plaintiff and Class members used paid sick leave, Defendants failed to compensate them at the greater of (1) the applicable minimum wage or (2) their regular and normal wage rate, as required by RCW 49.46.200.

5.30 Common Course of Conduct: Failure to Pay all Wages due at Separation. Defendants have engaged in a common course of failing to pay all wages due at termination.

5.31 Common Course of Conduct: Unlawful Noncompete Covenants. Defendants implemented a noncompete covenant whereby Plaintiff was required to sign and comply with a "Conflict of Interest Policy and Disclosure" that prohibits associates from having any affiliation with or interest in a competitor of Defendants.

5.32 Defendants engaged in a common course of restricting, restraining, and/or prohibiting Plaintiff, and Defendants' limitations were not narrowly drawn or justified by legitimate business interests.

5.33 At all relevant times, Plaintiff earned less than twice the state minimum wage.

5.34 Specifically, Defendants' Conflict of Interest Policy prohibited Plaintiff and Class members from having any affiliation with or interest in a competitor of Defendants. At all relevant

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

times, Plaintiff earned less than twice the applicable state minimum wage. This policy constitutes an unlawful restriction on Plaintiff's ability to seek supplemental employment.

5.35 Defendants have actual or constructive knowledge of the facts alleged herein.

5.36 Defendants' violations as alleged herein were willful with the intent to deprive Plaintiff of "any part" of their wages. *See Androckitis v. Virginia Mason Medical Center*, 556 P.3d 714, 738 (2024) (finding that there is a "low standard for willfulness" concerning the Washington wage laws, and an employer's conduct is willful when they had notice of potential violations).

## VI.    FIRST CLAIM FOR RELIEF

### (Payment of Wages Less Than Entitled in Violation of RCW 49.46.090)

### *On Behalf of Plaintiff and the Class*

6.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

6.2     The WMWA establishes mandatory minimum wage requirements and labor standards for employment tied to Washington.

6.3     RCW 49.46.090 prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed, and for attorneys' fees and costs as may be allowed by the court.

6.4     RCW 49.46.090 requires employers to pay employees for all wages to which they are entitled under the WMWA. RCW 49.46.010 defines such wages to include compensation due to an employee by reason of employment, subject to any deductions as may be permitted by law.

6.5     Missed rest break time is compensable under Washington law because WAC 296-126-092 demands employees be allowed a rest period of at least ten minutes on the employer's time for every four hours of work.

6.6     By the actions alleged herein, Defendants failed to pay all owed wages to Plaintiff and the Class.

6.7     Defendants violated the provisions of RCW 49.46.090, RCW 49.46.130, RCW

CLASS ACTION COMPLAINT FOR DAMAGES
Page 12 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

49.52.050, WAC 296-126-023, and WAC 296-126-092, by willfully failing to pay Plaintiffs for all wages to which they are/were entitled to under the WMWA.

6.8    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

6.9    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## VII.    SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages in Violation of RCW 49.46.130)

### *On Behalf of Plaintiff and the Class*

7.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2    RCW 49.46.090 prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed, and for attorneys' fees and costs as may be allowed by the court.

7.3    RCW 49.46.130 states, in pertinent part, "no employer shall employ any of his or her employers for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

7.4    Defendants violated RCW 49.46.130 by willfully failing to pay the required overtime rate to Plaintiff and the Class during the class period during workweeks in which Plaintiff worked more than forty hours, inclusive of hours worked.

7.5    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

7.6    Therefore, Plaintiff is entitled to the recovery of such damages, including any

CLASS ACTION COMPLAINT FOR DAMAGES
Page 13 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## VIII.    THIRD CLAIM FOR RELIEF

### (Failure to Provide Rest Break in Violation of WAC 296-126-092)

### *On Behalf of Plaintiff and the Class*

8.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2    RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

8.3    RCW 49.12.020 makes it unlawful "to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health . . . ."

8.4    WAC 296-126-092 establishes that employees shall be allowed paid rest breaks during their shifts, and Defendants have a duty to ensure employees have the opportunity to take their entitled rest breaks. *See Brady v. AutoZone Stores, Inc.*, 188 Wn.2d 576, 584 (2017) (holding that employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law).

8.5    Missed rest break time is compensable under Washington law because WAC 296-126-092 demands employees be allowed a rest period of at least ten minutes on the employer's time for every four hours of work.

8.6    Under Washington law, Defendants must provide employees with the rest periods to which they are entitled. Rest periods shall be scheduled as near as possible to the midpoint of the work period and must be taken before the employees' third consecutive hour of work.

8.7    Failure to do so results in an employer's duty to pay employees ten minutes of additional pay for each missed rest break.

CLASS ACTION COMPLAINT FOR DAMAGES
Page 14 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

8.8    Violations of RCW 49.12, *et seq.* entitles aggrieved employees to an implied cause of action for all unpaid wages against an employer, officer, vice principal, and/or agent thereof, including wages owed to employees pursuant to properly promulgated regulations. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 847-51 (2002).

8.9    Defendants violated the provisions of RCW 49.12.010, 49.12.020, 49.52.050, and WAC 296-126-092 by willfully failing to provide rest periods, interrupting rest periods, failing to ensure employees could take their entitled rest periods, and failing to pay Plaintiff for missed rest breaks.

8.10    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

8.11    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## IX.    FOURTH CLAIM FOR RELIEF

### (Failure to Provide Meal Periods in Violation of WAC 296-126-092)

#### *On Behalf of Plaintiff and the Class*

9.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2    RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

9.3    RCW 49.12.020 makes it unlawful "to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health . . . ."

9.4    WAC 296-126-092 establishes that employees shall be allowed qualified unpaid meal breaks during their shifts, and Defendants have a duty to ensure employees have the opportunity to

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

take their entitled meal breaks. *See Brady, supra*, 188 Wn.2d at 584 (2017) (holding that employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law).

9.5    WAC 296-126-092 establishes that "[e]mployees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period."

9.6    WAC 296-126-092 establishes that employees shall be allowed unpaid meal periods during their shifts if the shift is longer than five consecutive hours. WAC 296-126-092 requires that no employee be required to work for than five consecutive hours without a meal period.

9.7    If an employer fails to comply with Washington law with respect to meal period, the employer must pay employees thirty minutes of additional pay for each missed (or otherwise non-compliant) meal break.

9.8    Violations of RCW 49.12, *et seq.*, entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, officer, vice principal, and/or agent thereof, including wages owed to employees pursuant to properly promulgated regulations. *Wingert, supra*, 146 Wn.2d at 847-51 (2002).

9.9    Defendants violated the provisions of RCW 49.12.010, 49.12.020, 49.52.050, and WAC 296-126-092 by willfully failing to provide meal periods, interrupting meal periods, failing to ensure employees could take their entitled meal periods, and/or failing to pay Plaintiff for missed meal breaks.

9.10    Defendants violated the provisions of RCW 49.12.010, 49.12.020, 49.52.050, and WAC 296-126-092 by willfully failing to provide a second meal period, interrupting second meal periods, failing to ensure employees could take their entitled second meal periods, and/or failing to pay Plaintiff for missed second meal breaks for Plaintiff working three or more hours longer than a normal work-day.

9.11    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

deprived of compensation in amounts to be determined by proof at trial.

9.12    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## X.    FIFTH CLAIM FOR RELIEF

### (Failure to Provide and Pay Sick Leave in Violation of WAC 296-128-620)

### *On Behalf of Plaintiff and the Class*

10.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

10.2    RCW 49.46.090 prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed, and for attorneys' fees and costs as may be allowed by the court.

10.3    The Washinton Paid Safe and Paid Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620 require that employees must accrue at least one hour of paid sick leave for every forty hours worked.

10.4    Employees must be allowed to carry over at least forty hours of accrued, unused paid sick leave to the following year.

10.5    Under RCW 49.46.200, employers must compensate employees all sick leave at the greater of the minimum wage or the employees' regular and normal wages.

10.6    By the actions alleged above, Defendants violated the provisions of RCW49.46, *et seq.*, 49.52.050, WAC 296-128-620, and 296-126-023 by willfully failing to pay and provide paid sick leave in compliance with Washington law.

10.7    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

10.8    Therefore, Plaintiff is entitled to the recovery of such damages, including any

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## XI.    SIXTH CLAIM FOR RELIEF

### (Failure to Pay All Wages Due at Separation in Violation of RCW 49.48.010)

#### *On Behalf of Plaintiff and the Class*

11.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

11.2    RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

11.3    Under RCW 49.46.090, employers must pay employees *all* wages to which they are entitled pursuant to the WMWA.

11.4    Defendants failed to pay Plaintiff and the Class all wages due at the separation of their employment in accordance with the timing requirements of RCW 49.48.010. This includes, but is not limited to, failing to pay Plaintiff for all wages earned in the final pay period, failing to pay Plaintiff for all wages earned in prior pay periods, and failure to pay Plaintiff their final paycheck at the end of the established pay period.

11.5    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

11.6    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

//

CLASS ACTION COMPLAINT FOR DAMAGES
Page 18 of 21

## XII.     SEVENTH CLAIM FOR RELIEF

### (Willful Refusal to Pay Wages)

### *On Behalf of Plaintiff and the Class*

12.1.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.2.    RCW 49.52.050 provides that any employer or officer, vice principal or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

12.3.    RCW 49.52.070 provides that any employer who willfully violates the provisions of RCW 49.52.050(1) and (2) with the intent to deprive shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

12.4.    Defendants' violations as alleged herein were willful with the intent to deprive Plaintiff of "any part" of their wages. *See Androckitis*, *supra*, 556 P.3d at 738 (finding that there is a "low standard for willfulness" concerning the Washington wage laws, and an employer's conduct is willful when they had notice of potential violations).

12.5.    As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

12.6.    As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class have been deprived of compensation in amounts to be determined by proof at trial.

12.7.    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

//

//

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## XIII.    EIGHTH CLAIM FOR RELIEF

### (Unlawful Noncompetition Covenant in Violation of RCW 49.62, *et seq.*)

### *On Behalf of Plaintiff and the Class*

13.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

13.2    RCW 49.62.020 makes noncompetition covenants generally void and unenforceable unless an employer provides independent consideration for the covenant.

13.3    Under RCW 49.62.020, there is a rebuttable presumption that any such agreement lasting more than eighteen months after termination of employment is unreasonable and unenforceable.

13.4    RCW 49.62.070 states, in pertinent part, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed."

13.5    As such, based on the above allegations, Defendants violated the provisions of RCW 49.62.020 and RCW 49.62.070.

13.6    Therefore, Plaintiff is entitled to the recovery of such damages, including any applicable actual damages, compensatory damages, enhancements, treble damages, statutory penalties (including first and subsequent violations), attorneys' fees, costs, statutory interest thereon, and any other applicable form of relief under Washington law.

## XIV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, prays for judgment against Defendants, as follows:

A.    Certify the proposed Class;

B.    Appoint Plaintiff as representative of the Class;

C.    Appoint the undersigned attorneys as counsel for the Class;

CLASS ACTION COMPLAINT FOR DAMAGES
Page 20 of 21

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

D.    An order finding that Defendants violated Washington Law;

E.    A declaratory judgment that Defendants willfully violated WAC 296-126-092 by failing to provide Plaintiff and Class members with statutory meal periods, rest periods, overtime pay, and/or any other part of their wages;

F.    All unpaid wages due under Washington Law;

G.    An award of double damages as provided by Washington Law;

H.    An award of treble damages as provided by Washington Law;

I.    Award compensatory, liquidated, enhanced, and exemplary damages to Plaintiff and Class members for violation of state wage and hour laws, in amounts to be proven at trial;

J.    Award Plaintiff and Class members their attorneys' fees and costs, as allowed by law;

K.    Award Plaintiff and Class members prejudgment and post-judgment interest, as provided by law;

L.    An award of any statutory penalties;

M.    Permit Plaintiff and Class members leave to amend the complaint to conform to the evidence presented at trial; and

N.    Grant such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 11th day of June, 2026.

**FERRARO VEGA EMPLOYMENT LAWYERS, INC.**

By: _____
Erin M. O'Leary (State Bar No. 46803)
Email: erin@ferrarovega.com
Nicholas J. Ferraro (State Bar No. 59674)
Email: nick@ferrarovega.com
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES
Page 21 of 21

**FILED**
2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | SUMMONS (20 days) |
| v. | |
| AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive, | |
| Defendant. | |

Summons - 1

**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

TO THE DEFENDANT AVENUE5 RESIDENTIAL LLC: A lawsuit has been started against you in the above-entitled court by ETHAN EDGERTON, individually and on behalf of all others similarly situated, Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 11th day of June, 2026.

Respectfully submitted,
*Ferraro Vega Employment Lawyers, Inc.*

By: _____
Erin M. O'Leary (State Bar No. 46803)
Email: erin@ferrarovega.com
Nicholas J. Ferraro (State Bar No. 59674)
Email: Nick@ferrarovega.com
3333 Camino Del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855
*Attorneys For Plaintiff*

Summons - 2

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

**FILED**
2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| EDGERTON | No. 26-2-19029-1  KNT |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| AVENUE5 RESIDENTIAL LLC | (CICS) |

### CAUSE OF ACTION

EMP - Employment

### AREA OF DESIGNATION

KNT        All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

FILED
2026 JUN 11 02:35 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| ETHAN EDGERTON | | No. 26-2-19029-1  KNT |
| --- | --- | --- |
| | Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| VS | | **ASSIGNED JUDGE: Nikole Hecklinger, Dept. 23** |
| AVENUE5 RESIDENTIAL LLC | | |
| | | FILED DATE: 06/11/2026 |
| | Defendant(s) | TRIAL DATE:06/14/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 06/11/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$250 arbitration fee must be paid** | 11/19/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 11/19/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 12/03/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 01/11/2027 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 02/22/2027 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | 03/08/2027 |
| | **DEADLINE** for a Change in Trial Date [See KCLCR 40(e)(2)]. | 03/08/2027 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | 04/26/2027 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 05/17/2027 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 05/24/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 05/24/2027 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 06/01/2027 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 06/07/2027 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 06/07/2027 |
| | Trial Date [See KCLCR 40]. | 06/14/2027 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:    06/11/2026

_Averil Rathvon_

_____

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

## C. Form

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

Averil Rochron

PRESIDING JUDGE

# Exhibit 2

FILED

2026 JUL 02 10:09 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

THE HONORABLE NIKOLE HECKLINGER

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

ETHAN EDGERTON, individually and on behalf of all others similarly situated,

                Plaintiff,

    v.

AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,

                Defendants.

Case No. 26-2-19029-1 KNT

**NOTICE OF APPEARANCE OF TIFFANY L. LEE ON BEHALF OF DEFENDANT AVENUE5 RESIDENTIAL LLC**

TO:       Clerk of the Court

AND TO:    All Parties and Counsel of Records

      PLEASE TAKE NOTICE that, without waiving any defense, Tiffany L. Lee, of Bradley Bernstein Sands LLP, who is admitted to practice before this Court, hereby enters her appearance

-1-

on behalf of Defendant Avenue5 Residential LLC in the above-titled action and requests that notice of all further proceedings, except original process, be served upon the undersigned at the address stated below or electronically through the Court's e-filing system.

Respectfully submitted this 2nd day of July, 2026.

BRADLEY BERNSTEIN SANDS LLP

By:   */s/ Tiffany L. Lee*

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281

tlee@bradleybernstein.com

Attorney for Defendant Avenue5 Residential LLC

## CERTIFICATE OF SERVICE

I, Tiffany L. Lee, hereby certify that on July 2, 2026, I caused true and correct copies of the foregoing to be served via the means indicated below:

Erin M. O'Leary
Nicholas J. Ferraro
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
erin@ferarrovega.com
nick@ferarrovega.com
Telephone: (619) 693-7727
Fascimile: (619) 350-6855

☐ Via hand delivery
☐ Via U.S. Mail, 1st Class, Postage Prepaid
☐ Via Overnight Delivery
☒ Via Email
☒ Via Eservice

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this 2nd day of July, 2026.

By: */s/ Tiffany L. Lee*
        Tiffany L. Lee, WSBA #51979

-3-

# Exhibit 3

FILED
2026 JUL 02 10:14 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

THE HONORABLE NIKOLE HECKLINGER

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

ETHAN EDGERTON, individually and on behalf of all others similarly situated, )
)
)
Plaintiff, )
)
v. )
)
)
AVENUE5 RESIDENTIAL LLC, a Delaware )
foreign limited liability company; and DOES )
1 through 10, inclusive, )
)
)
Defendants. )
)
)

Case No. 26-2-19029-1 KNT

**STIPULATION AND AGREED ORDER EXTENDING TIME FOR DEFENDANT AVENUE5 RESIDENTIAL, LLC TO RESPOND TO COMPLAINT**

**STIPULATION**

Plaintiff ETHAN EDGERTON ("Plaintiff") and Defendant AVENUE5 RESIDENTIAL LLC ("Defendant"), through their undersigned counsel, stipulate and agree as follows:

On June 16, 2026, Plaintiff served his complaint in the above-captioned action. Accordingly, absent an extension of time, CR 12(a)(1) would require Defendant to answer or otherwise respond to the Complaint on or before July 6 2026.

-1-

In order to allow sufficient time to evaluate the allegations in the complaint and prepare a response, the parties hereby stipulate and agree that the time for Defendant to respond to the Complaint is extended from July 6, 2026 until July 28, 2026.

Respectfully submitted this 2nd day of July, 2026.

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By:     */s/ Nicholas J. Ferraro*

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727

nick@ferrarovega.com


Attorney for Plaintiff Ethan Edgerton

BRADLEY BERNSTEIN SANDS LLP

By:    */s/ Tiffany L. Lee*

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281

tlee@bradleybernstein.com


Attorney for Defendant Avenue5 Residential LLC

-2-

## ORDER

This matter having come before the Court upon the Stipulation of the parties set forth above, and it appearing to the Court that the following Order should be entered herein, now, therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that the time for Defendant Avenue 5 Residential LLC to respond to Plaintiff's Complaint in the above-captioned action is extended from July 6, 2026 until July 28, 2026.

DATED this _____ day of July, 2026.


_____
Judge/Court Commissioner

Presented by:

BRADLEY BERNSTEIN SANDS LLP

By:  _/s/ Tiffany L. Lee_____

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281
tlee@bradleybernstein.com

Attorney for Defendant Avenue5 Residential LLC

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By:  _/s/ Nicholas J. Ferraro_____

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727
nick@ferrarovega.com

Attorney for Plaintiff Ethan Edgerton

# Exhibit 4

FILED
2026 JUL 06 02:54 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19029-1 KNT

THE HONORABLE NIKOLE HECKLINGER

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive, )<br><br>Defendants. ) | Case No. 26-2-19029-1 KNT<br><br>**STIPULATION AND AGREED ORDER EXTENDING TIME FOR DEFENDANT AVENUE5 RESIDENTIAL, LLC TO RESPOND TO COMPLAINT** |

**STIPULATION**

Plaintiff ETHAN EDGERTON ("Plaintiff") and Defendant AVENUE5 RESIDENTIAL LLC ("Defendant"), through their undersigned counsel, stipulate and agree as follows:

On June 16, 2026, Plaintiff served his complaint in the above-captioned action. Accordingly, absent an extension of time, CR 12(a)(1) would require Defendant to answer or otherwise respond to the Complaint on or before July 6 2026.

-1-

In order to allow sufficient time to evaluate the allegations in the complaint and prepare a response, the parties hereby stipulate and agree that the time for Defendant to respond to the Complaint is extended from July 6, 2026 until July 28, 2026.

Respectfully submitted this 2nd day of July, 2026.

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By:    _/s/ Nicholas J. Ferraro_

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727

nick@ferrarovega.com


Attorney for Plaintiff Ethan Edgerton

BRADLEY BERNSTEIN SANDS LLP

By:   _/s/ Tiffany L. Lee_

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281

tlee@bradleybernstein.com


Attorney for Defendant Avenue5 Residential LLC

## ORDER

This matter having come before the Court upon the Stipulation of the parties set forth above, and it appearing to the Court that the following Order should be entered herein, now, therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that the time for Defendant Avenue 5 Residential LLC to respond to Plaintiff's Complaint in the above-captioned action is extended from July 6, 2026 until July 28, 2026.

DATED this _____ day of July, 2026.

_____
Judge/~~Court Commissioner~~

Presented by:

BRADLEY BERNSTEIN SANDS LLP

By:  */s/ Tiffany L. Lee*

Tiffany L. Lee, WSBA No. 51979
2800 First Avenue, Suite 326
Seattle, WA 98121
Tel: 206.474.3281
tlee@bradleybernstein.com

Attorney for Defendant Avenue5 Residential LLC

FERRARO VEGA EMPLOYMENT LAWYERS, INC.

By:   */s/ Nicholas J. Ferraro*

Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Tel: 619.693.7727
nick@ferrarovega.com

Attorney for Plaintiff Ethan Edgerton

-3-

**King County Superior Court**
**Judicial Electronic Signature Page**

Case Number:          26-2-19029-1  KNT
Case Title:           EDGERTON VS AVENUE5 RESIDENTIAL LLC

Document Title:       Order Granting Motion / Petition

Date Signed:          07/06/2026

Judge: Nikole Hecklinger

Key/ID Number:        *389584220*

Page Count:           This document contains 4 page(s) plus this signature page.