# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

ETHAN EDGERTON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,

Defendant.

Case No. 2:26-cv-02650

**CLASS ACTION**

**DEFENDANT AVENUE5 RESIDENTIAL LLC'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION**

NOTE ON MOTION CALENDAR:  August 28, 2026

ORAL ARGUMENT REQUESTED

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   RELEVANT FACTUAL BACKGROUND................................................................1

    A.    Avenue5 Operates Nationwide. ..................................................................1

    B.    Plaintiff Agreed To Arbitrate His Claims On An Individual Basis. ......................2

    C.    Plaintiff Electronically Executed the Arbitration Agreement................................3

    D.    Plaintiff Has Refused to Abide by His Agreement to Arbitrate, Without Explanation. ..........................................................................................4

III.  PROCEDURAL HISTORY..................................................................................4

IV.   LEGAL ARGUMENT ........................................................................................5

    A.    The Federal Arbitration Act Requires That Plaintiff Arbitrate His Claims on an Individual Basis...........................................................................5

    B.    The Federal Arbitration Act Governs The Arbitration Agreement. ........................5

    C.    The Two-Part Test for Compelling Arbitration Is Easily Satisfied Here. ...............6

    D.    Plaintiff's Claims Must Be Arbitrated On An Individual Basis, And The Court Should Enforce the Class Action Waiver By Striking All Class Claims. ..........................................................................................9

    E.    The Court Should Stay This Action.......................................................11

V.    CONCLUSION...............................................................................................11

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION

Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Adler v. Fred Lind Manor*
153 Wash. 2d 331 (2004)..................................................................................................8

*AT&T Mobility v. Concepcion*
563 U.S. 333 (2011)...................................................................................................5, 10

*AT&T Techs. v. Commc'ns Workers of Am.*
475 U.S. 643 (1986)..........................................................................................................9

*Biller v. Toyota Motor Corp.*
668 F.3d 655 (9th Cir. 2012) ...........................................................................................6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*
207 F.3d 1126 (9th Cir. 2000) ......................................................................................6, 8

*Circuit City Stores, Inc. v. Adams*
532 U.S. 105 (2001) .........................................................................................................5

*Coneff v. AT&T Corp.*
673 F.3d 1155 (9th Cir. 2012) .......................................................................................10

*Dean Witter Reynolds Inc. v. Byrd*
470 U.S. 213 (1985)..........................................................................................................6

*Epic Sys. Corp. v. Lewis*
584 U.S. 497 (2018).....................................................................................................5, 10

*First Options of Chicago, Inc. v. Kaplan*
514 U.S. 938 (1995)..........................................................................................................7

*Green Tree Fin. Corp. v. Randolph*
531 U.S. 79 (2000)............................................................................................................5

*Hauenstein v. Softwrap Ltd.*
No. 07-0572, 2007 WL 2404624
(W.D. Wash. Aug. 17, 2007) .......................................................................................4, 7

*Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*
139 Wash. App. 743 (2007)..............................................................................................7

*Lifescan, Inc. v. Premier Diabetic Serves, Inc.*
363 F.3d 1010 (9th Cir. 2004) .........................................................................................7

-ii-

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS
OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING
ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

*Mitsubishi Motors v. Soler Chrysler-Plymouth, Inc.*
    473 U.S. 614 (1985)............................................................................................................9

*Norcia v. Samsung Telecomms. Am., LLC*
    845 F.3d 1279 (9th Cir. 2017) ..........................................................................................7

*Perez v. Mid-Century Ins. Co.*
    85 Wash. App. 760 (1997)..................................................................................................6

*Perry v. Thomas*
    482 U.S. 483 (1987)............................................................................................................5

*Poublon v. C.H. Robinson Co.*
    846 F.3d 1251 (9th Cir. 2017) ........................................................................................10

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*
    388 U.S. 395 (1967)............................................................................................................8

*Rent-A-Center, W., Inc. v. Jackson*
    561 U.S. 63 (2010)..............................................................................................................7

*Satomi Owners Ass'n v. Satomi, LLC*
    167 Wash.2d 781 (2009).....................................................................................................6

*Simpson v. Inter-Con Sec. Sys., Ins.*
    No. C12-1955RAJ, 2013 WL 1966145
    (W.D. Wash. May 10, 2013)............................................................................................10

*Simula, Inc. v. Autoliv, Inc.*
    175 F.3d 716 (9th Cir. 1999) .........................................................................................8, 9

*Smith v. Spizzirri*
    601 U.S. 472 (2024)..........................................................................................................11

*Southland Corp. v. Keating*
    465 U.S. 1 (1984)................................................................................................................5

*Wiese v. Cach, LLC*
    189 Wash. App. 466 (2015)...............................................................................................6

Statutes

United States Code
    § 1 *et seq*. (Federal Arbitration Act, "FAA")...................................................................6
    § 2........................................................................................................................................5, 6
    § 3........................................................................................................................................8, 11
    § 1332(d) (Class Action Fairness Act, "CAFA") ............................................................4

-iii-

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS
OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING
ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

Federal Arbitration Act ("FAA")............................................................................................ *passim*

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS
OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING
ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

## I.    INTRODUCTION

Plaintiff Ethan Edgerton ("Edgerton" or "Plaintiff") entered into a written arbitration agreement with his former employer, Avenue5 Residential LLC ("Avenue5" or "Defendant"). This agreement required the parties to arbitrate any employment-related claims they may have against one another on an individual basis, and to forego any class action claims.  Plaintiff filed this lawsuit in contravention of that agreement, and has instead filed a class action against Avenue5 for alleged wage and hour, noncompete, and statutory violations.  Plaintiff's individual and class claims fall squarely within the scope of Plaintiff's arbitration agreement, which is expressly subject to the Federal Arbitration Act ("FAA"), and is valid and enforceable.

The U.S. Supreme Court has repeatedly held that where, as here, the parties agreed to individual arbitration, and expressly waived the right to pursue claims as a class action, they must proceed with arbitration on an individual basis.  Because Plaintiff agreed to arbitrate all disputes, claims, or controversies arising out of his employment with Avenue5 on an individual basis, he may not pursue class claims.

Avenue5 respectfully requests that this Court enforce Plaintiff's valid arbitration agreement as written, and (1) compel Plaintiff to pursue his individual claims in arbitration; (2) enforce the class action waiver in the Agreement, and dismiss or strike the class allegations from the Complaint; and (3) stay this action pending the completion of arbitration.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    Avenue5 Operates Nationwide.

Avenue5 is a leading property management company that provides a wide range of services for property owners who trust Avenue5 to care for their properties.  Declaration of Betsy Fillmore ("Fillmore Decl.") ¶ 3.  Avenue5 manages multifamily and single-family assets for property owners nationwide.  *Id*.  The properties Avenue5 provides services to throughout the United States range in type and size, including stabilized, urban, suburban, mixed-use, affordable, high-rise, senior, and student communities throughout the United States.  *Id*.

-1-

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION

Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

Avenue5's services include property management, maintenance construction management, due diligence, property and resident insurance, resident screening, and utilities platforms optimization at properties. *Id.* In order to provide its many services, Avenue5 contracts for goods with multiple different vendors in states across the United States. *Id.* Avenue5 has offices in California, Colorado, Arizona, Oregon, Utah, and Washington. *Id.*

Plaintiff was employed by Avenue5 in Puyallup, Washington as a non-exempt hourly employee from approximately December 4, 2024 to June 22, 2026, in the position of Leasing Consultant. *Id.* ¶ 5. In that role, Plaintiff was responsible for coordinating all activities related to apartment rentals, move-ins, move-outs, and lease renewals. Plaintiff was also responsible for interacting with prospective and current residents to ensure maximum occupancy, resident retention, and client satisfaction. *Id.*

**B.      Plaintiff Agreed To Arbitrate His Claims On An Individual Basis.**

Plaintiff entered into a mutual arbitration agreement with Avenue5 titled "Mutual Arbitration Agreement" ("Arbitration Agreement"). Fillmore Decl., ¶ 12. The Arbitration Agreement is written in plain English and separated from the other pre-hire documents Plaintiff completed as part of the onboarding process. As relevant here, the parties agreed to arbitrate the following:

> all past, present, and future disputes and claims related to or arising out of or in connection with Your relationship and/or employment with, application for employment with, and/or termination of employment from the Company and/or a Beneficiary Party . . . The Claims include but are not limited to . . . breach of contract/covenant (including confidentiality agreements); violation of public policy or unfair competition; violation of non-compete clauses; . . . all wage and hour claims, including but not limited to minimum wage, off the clock work, overtime, bonuses, commissions, meal/rest periods, sick pay, vacation, wage statements, reimbursement, penalties, benefits; violation of any federal, state, local or other government constitution, statute, ordinance or regulation arising out of, related to, or governing your employment relationship with the Company and/or a Beneficiary Party[.]

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

Fillmore Decl. ¶ 12, Ex. A, p. 3. Plaintiff expressly understood that his claims would be decided in arbitration before an arbitrator, and was alerted to this in the first section of the Arbitration Agreement:

> 1. **Arbitration Generally.** The Parties agree to arbitrate all claims that may lawfully be arbitrated, including as set forth in Section 3 below, that the Parties may have against each other. In arbitration, each side in the dispute presents its case to a neutral third party called an arbitrator, rather than to a judge or jury in court. You and the Company are each entitled to be represented by Your/its own legal counsel in the arbitration. After reviewing the evidence and considering the arguments of the Parties, the arbitrator will issue a written decision. There will be no trial by a judge or jury, and no appeal of the arbitrator's decision, except in the limited circumstances allowed under the Federal Arbitration Act.

Ex. A., p.3 (Section 1).

The Arbitration Agreement further provides that Plaintiff will only submit his own, individual claims in arbitration and cannot seek to represent the interests of any other person:

> The Parties agree that each may bring and pursue Claims against the other only in their individual capacities, and not on behalf of, with respect to, joined with, and/or as a part of, any class, collective, and/or group action[.]

*Id.* Here, the Arbitration Agreement is bilateral and covers all employment-related claims—i.e. the very claims Plaintiff asserts in this case.

### C.    Plaintiff Electronically Executed the Arbitration Agreement.

Plaintiff, like other Avenue5 employees, received and electronically signed a copy of the Arbitration Agreement along with other onboarding paperwork upon hire using an electronic human resources management system called My5. Fillmore Decl. ¶ 6. In order to access My5, Plaintiff provided his personal email address to Avenue5. *Id.* ¶ 8. My5 sent Plaintiff an introductory email to his personal email address which provided him with a link to access and set up his own My5 account. *Id.* ¶ 8. Plaintiff then proceeded to create his My5 account, including creating his own unique passcode, known only to him. *Id.* Avenue5 did not and does not have access to Plaintiff's unique passcode. *Id.*

To review the Arbitration Agreement, Plaintiff was required to log into his My5 account using his unique passcode, go to the Employee Onboarding section, and select the Arbitration Agreement. *Id.* ¶ 9. Plaintiff was then able to review the Arbitration Agreement and click either:

-3-

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS
OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING
ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

(1) "Acknowledge," to accept the Arbitration Agreement and be bound by the terms of the Arbitration Agreement; or (2) "Exit." *Id*. My5 records the exact date and time when Plaintiff accepted the Arbitration Agreement. *Id*. Plaintiff logged on, reviewed, and chose to accept the Arbitration Agreement on December 6, 2024 at 11:19 a.m. *Id.* ¶ 12. Courts routinely enforce electronic acknowledgments of this type. *See, e.g., Hauenstein v. Softwrap Ltd.,* No. 07-0572, 2007 WL 2404624, at *2–3 (W.D. Wash. Aug. 17, 2007) (enforcing arbitration agreement where plaintiff "manifested his assent to the License Agreement by 'clicking' the appropriate box").

> **D.      Plaintiff Has Refused to Abide by His Agreement to Arbitrate, Without Explanation.**

At the outset of the case, Avenue5 requested that Plaintiff abide by his arbitration agreement, dismiss his class claims, and stipulate to the arbitration of his individual claims. Declaration of Gal Gressel ¶ 4. However, Plaintiff declined to abide by his arbitration agreement and refused to stipulate. *Id.* Plaintiff contends that the agreement contains "defects." Avenue5 requested that Plaintiff explain what those purported defects are, but received no response. *Id*.

## III.     PROCEDURAL HISTORY

On June 11, 2026, Plaintiff filed a class action in Washington Superior Court, King County. Declaration of Gal Gressel ¶ 2. The Complaint asserted eight causes of action, for alleged wage and hour, noncompete, and statutory violations, all arising directly out of and relating to his employment with Avenue5. *Id.* On July 2, 2026, Avenue5 filed a Notice of Appearance in King County Superior Court. *Id.* ¶ 3. That same day, the Parties filed a stipulation extending the responsive pleading deadline to July 28, 2026 with the King County Superior Court of Washington, which the Court granted on July 6, 2026. *Id.*

On July 27, 2026, Avenue5 filed a Notice of Removal from Washington Superior Court, County of King, to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). *See* Dkt. 1. Because Plaintiff has inexplicably refused to abide by the parties' arbitration agreement, Avenue5 has filed this motion to enforce the agreement on its terms.

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

## IV.    LEGAL ARGUMENT

### A.    The Federal Arbitration Act Requires That Plaintiff Arbitrate His Claims on an Individual Basis.

With the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the States to require a judicial forum for resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). The FAA creates a general presumption in favor of arbitration, and requires the enforcement of a written agreement to arbitrate. 9 U.S.C. § 2; *see also AT&T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011) ("The 'principal purpose' of the FAA is to ensure that private arbitration agreements are enforced according to their terms."); *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 525 (2018) ("the law is clear: Congress has instructed that arbitration agreements like those before us must be enforced as written"). Accordingly, a court must interpret arbitration clauses in light of the "liberal federal policy favoring arbitration" and resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. *AT&T Mobility*, 563 U.S. at 346.

Notably, the burden is on the party opposing arbitration to proffer evidence demonstrating that such an agreement is invalid. *E.g.*, *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

### B.    The Federal Arbitration Act Governs The Arbitration Agreement.

The FAA governs an arbitration agreement when the agreement "evidence[s] a transaction involving commerce." 9 U.S.C. § 2. The U.S. Supreme Court has long held that the phrase "involving commerce" must be broadly construed in favor of enforcing an agreement under the FAA. *Perry v. Thomas*, 482 U.S. 483, 490 (1987). Courts consistently hold that contracts between local employees and companies that do business in more than one state involve "commerce" within the meaning of the FAA. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (FAA applies to employment contract between a local "sales counselor" and a "national retailer"). Further, the parties' agreement that any dispute would be governed by

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

the FAA is enforceable as a matter of contract interpretation.  *Biller v. Toyota Motor Corp*., 668 F.3d 655, 663 (9th Cir. 2012) ("we conclude that the plain language of the Severance Agreement requires that the FAA governs the arbitration proceedings here.").

Here, it is undisputed that Avenue5 "engages in interstate commerce" as it manages properties in 25 states.  Fillmore Decl., ¶ 3.  In addition, Avenue5 engages in interstate commerce because it markets and advertises its services nationally.  *Id*.  Furthermore, the Arbitration Agreement conspicuously states that the parties' disputes "shall be subject to binding arbitration pursuant to the Federal Arbitration Act (9 U.S.C. Sec. 1 *et seq*.)."  Fillmore Decl., Ex. A, p. 6 (Section 14).  The FAA governs the Arbitration Agreement as a matter of law.

Under 9 U.S.C. § 2, all written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Washington law is in accord.  Washington recognizes a strong public policy favoring arbitration as an efficient means of resolving disputes.  *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wash.2d 781, 797–98 (2009); *Perez v. Mid-Century Ins. Co*., 85 Wash. App. 760, 765 (1997).  "Because any arbitration agreement within the scope of the FAA 'shall be valid, irrevocable, and enforceable,' any doubts concerning the scope of arbitrable issues, construction of the contract, or a defense of delay, waiver, or the like should be resolved in favor of arbitration."  *Wiese v. Cach, LLC*, 189 Wash. App. 466, 474 (2015).

**C.      The Two-Part Test for Compelling Arbitration Is Easily Satisfied Here.**

The Court's inquiry on a motion to compel arbitration is limited: it need only determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc*., 207 F.3d 1126,

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

1130 (9th Cir. 2000); *Lifescan, Inc. v. Premier Diabetic Serves, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (same). Under the FAA, when both of these conditions are met, an arbitration agreement *must* be enforced. Both conditions are unambiguously satisfied here.

### 1.   The Mutual Arbitration Agreement is Valid and Enforceable.

The Supreme Court has directed that "[w]hen deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts" and that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The enforceability of an arbitration agreement is governed by ordinary contract principles. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010). Under Washington law, contract formation requires mutual assent, an offer and acceptance, supported by consideration. *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wash. App. 743, 765 (2007). A party seeking to compel arbitration must establish the existence of an agreement to arbitrate by a preponderance of the evidence. *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017).

First, there is no credible question that Plaintiff accepted the Arbitration Agreement. Plaintiff was capable of entering into a legal contract on his own behalf at the time he agreed to resolve all employment disputes by way of individual binding arbitration. In addition, there is no dispute that Plaintiff provided his assent, as exhibited by Plaintiff's electronic signature on the Arbitration Agreement by using the My5 system and generating his unique password. Courts routinely enforce electronic acknowledgments of this type. *See, e.g., Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *2–3 (W.D. Wash. Aug. 17, 2007) (enforcing arbitration agreement where plaintiff "manifested his assent to the License Agreement by 'clicking' the appropriate box").

Second, the Arbitration Agreement is also supported by adequate consideration. Plaintiff's acceptance of and continuation of employment with Avenue5 following receipt of the

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

Arbitration Agreement constituted acceptance of its terms.  The parties' mutual agreement to arbitrate disputes against one another also constitutes sufficient consideration.  *See Adler v. Fred Lind Manor*, 153 Wash. 2d 331, 347, 103 P.3d 773 (2004) (bilateral promise to arbitrate constitutes adequate consideration).

Finally, Avenue5's corresponding obligation to arbitrate any claims it would have against Plaintiff constituted the reciprocal mutual promise.  Per the Arbitration Agreement, "The Parties agree to arbitrate all claims that may lawfully be arbitrated, including as set forth in Section 3 below, that the Parties may have against each other."  Fillmore Decl. ¶ 12, Ex. A, p. 5 (Section 13).

Therefore, the Arbitration Agreement is mutual, binding on both parties, and is supported by adequate consideration in the form of the employment relationship itself.  Fillmore Decl. ¶ 12, Ex. A.

### 2. Plaintiff's Individual Claims Fall Squarely Within the Scope of the Agreement.

Plaintiff's individual claims unquestionably fall within the Arbitration Agreement's scope.  The Arbitration Agreement covers "all past, present, and future disputes and claims related to or arising out of or in connection with [Plaintiff's] relationship and/or employment with, application for employment with, and/or termination of employment from the Company."  *Id.*, Ex. A.

Under well-established Supreme Court and Ninth Circuit precedent, this is a "broad," far-reaching arbitration clause.  *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 398 (1967); *see also Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (arbitration provisions that encompass all disputes "arising out of or relating to" the parties' agreement are "broad and far reaching.").  As a result, Plaintiff's allegations need only "touch matters" covered by the Arbitration Agreement to require arbitration, with "all doubts are to be resolved in favor of arbitrability."  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (quoting *Mitsubishi Motors v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 624 n. 13

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION

Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

(1985)).  As discussed below, all of Plaintiff's claims "touch" the Arbitration Agreement, and must be sent to arbitration.

Here, the Arbitration Agreement specifically includes, but is not limited to, "all wage and hour claims, including but not limited to minimum wage, off the clock work, overtime, bonuses, commissions, meal/rest periods, sick pay, vacation, wage statements, reimbursement, penalties, benefits," as well as "violation of any federal, state, local or other government constitution, statute, ordinance or regulation arising out of, related to, or governing [Plaintiff's] employment relationship with the Company."  Ex. A.  The Arbitration Agreement further expressly states that "[t]he list is not exhaustive; all Claims are subject to this Agreement," and that "[i]f a specific statute or cause of action is not specifically listed above, that does not exclude such Claim from coverage by the Agreement."  *Id.*

Every claim Plaintiff asserts arises directly out of and relates to his employment with Avenue5 and falls squarely within the Arbitration Agreement's express language.  It cannot be said with "positive assurance" that the Arbitration Agreement does not cover Plaintiff's claims.  *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage.").  Quite the opposite, the Arbitration Agreement expressly enumerates every category of claim Plaintiff asserts.  All of Plaintiff's individual claims must be compelled to arbitration.

**D.     Plaintiff's Claims Must Be Arbitrated On An Individual Basis, And The Court Should Enforce the Class Action Waiver By Striking All Class Claims.**

Under Section 8, the Arbitration Agreement expressly reserves for the Court, not the arbitrator, the question of "which Claims are subject to the duty to arbitrate under this Agreement and whether any Claims must proceed on a class" basis.  Ex. A.  The parties agreed that "each may bring and pursue claims against the other only in their individual capacities, and not on

-9-

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS
OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING
ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

behalf of, with respect to, joined with, and/or as a part of, any class, collective, and/or group action." Fillmore Decl. ¶ 12, Ex. A.

The class action waiver here is enforceable under federal law. The Supreme Court has squarely held that class action waivers in employment arbitration agreements are enforceable under the FAA. *AT&T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011). The Supreme Court affirmed the holding in *Concepcion* in *Epic Sys. Corp. v. Lewis*, holding that agreements which do not authorize class arbitration must be enforced according to their terms. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 525 (2018) ("The policy may be debatable but the law is clear: Congress has instructed that arbitration agreements like those before us must be enforced as written."). The Ninth Circuit is in accord. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1264 (9th Cir. 2017) (enforcing class action waiver in employment arbitration agreement under FAA). Furthermore, the Ninth Circuit has made clear that "the FAA preempts the Washington state law invalidating the class-action waiver." *Coneff v. AT&T Corp.,* 673 F.3d 1155, 1161 (9th Cir. 2012); *Simpson v. Inter-Con Sec. Sys., Ins.,* No. C12-1955RAJ, 2013 WL 1966145, at *2, n.1 (W.D. Wash. May 10, 2013) ("*Coneff* acknowledges that the Supreme Court has ruled that the FAA preempts [Washington] state law to the extent it deems class action waivers . . . substantively unconscionable.").

Therefore, there is no question that class action waivers contained in arbitration agreements are enforceable under the FAA. Plaintiff's Arbitration Agreement contains an express class action waiver, which provides that he may not bring or participate in any class proceedings. The Court must compel Plaintiff to submit his claims to arbitration on an individual basis, and should strike all class allegations from the Complaint.

Accordingly, the Court should: (1) enforce the class action waiver; (2) dismiss or strike the class allegations; and (3) compel Plaintiff's individual claims to arbitration.

///

-10-

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

**E.      The Court Should Stay This Action.**

Once a court compels arbitration, the FAA provides that the court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  The Supreme Court recently confirmed that when a party requests a stay, a district court must stay the proceedings rather than dismiss them.  *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024).  Because all of Plaintiff's individual claims are subject to binding arbitration under the Agreement, this Court should compel arbitration and stay this action pending its completion.

**V.      CONCLUSION**

Avenue5 respectfully requests that the court compel arbitration, dismiss or strike the class claims, and stay this action so that the Parties may proceed in arbitration.

DATED this 28th day of July, 2026.

BRADLEY BERNSTEIN SANDS LLP

*/s/ Tiffany L. Lee*
Tiffany L. Lee, WSBA No. 51979
tlee@bradleybernstein.com
2800 First Avenue, Suite 326
Seattle, WA 98121
Telephone: 206.474.3281

Gal Gressel, *Pro Hac Vice Forthcoming*
Victoria B. Ayeni, *Pro Hac Vice Forthcoming*
Jaskarenpreet Gill, *Pro Hac Vice Forthcoming*
ggressel@sheppard.com
vayeni@sheppard.com
jgill@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100

*Attorneys for AVENUE5 RESIDENTIAL LLC*

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

# CERTIFICATION OF WORD COUNT

I certify that this motion contains 3,409 words, in compliance with the Local Civil Rules.

DATED this 28th day of July, 2026.

BRADLEY BERNSTEIN SANDS LLP

*/s/ Tiffany L. Lee*
Tiffany L. Lee, WSBA No. 51979
tlee@bradleybernstein.com
2800 First Avenue, Suite 326
Seattle, WA 98121
Telephone: 206.474.3281

Gal Gressel, *Pro Hac Vice Forthcoming*
Victoria B. Ayeni, *Pro Hac Vice Forthcoming*
Jaskarenpreet Gill, *Pro Hac Vice Forthcoming*
ggressel@sheppard.com
vayeni@sheppard.com
jgill@sheppard.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100

*Attorneys for AVENUE5 RESIDENTIAL LLC*

DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS
OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING
ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

## DECLARATION OF SERVICE

I, Tiffany L. Lee, under penalty of perjury under the laws of the State of Washington, declare and state as follows:

1.      I am an attorney with Bradley Bernstein Sands LLP.

2.      On July 28, 2026, I caused to be delivered a copy of the following documents as follows:  **DEFENDANT AVENUE5 RESIDENTIAL LLC'S MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION**

I further declare that said documents were properly addressed to the following counsel via Electronic Mail.

> Erin M. O'Leary, Bar No. 46803
> Nicholas J. Ferraro, Bar No. 59674
> Ferraro Vega Employment Lawyers, Inc.
> 3333 Camino del Rio South, #310, San Diego, CA 92108
> Telephone: 619.693.7727
> Email: erin@ferrarovega.com
> nick@ferrarovega.com

DATED THIS 28th day of July, 2026, at Seattle, Washington.


*/s/ Tiffany L. Lee*

-13-
DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS
OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING
ARBITRATION
Case No. 2:26-cv-02650

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947