THE HONORABLE GRADY J. LEUPOLD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ETHAN EDGERTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:26-cv-02650-GJL<br><br>DECLARATION OF ETHAN EDGERTON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION<br><br>NOTE ON MOTION CALENDAR:<br>AUGUST 28, 2026<br><br>ORAL ARGUMENT REQUESTED |



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

I, Ethan Edgerton ("Plaintiff"), declare as follows:

1. I am over 18 years of age and am the named Plaintiff in this lawsuit. I am familiar with and have personal knowledge of the facts set forth in this declaration.
2. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion to Compel Arbitration. If called as a witness, I would competently testify honestly to the below facts based on my personal knowledge.
3. I was employed by Defendant Avenue5 Residential LLC ("Avenue5") from December 4, 2024, until my constructive separation on June 19, 2026, as a non-exempt, hourly paid Leasing Consultant. My responsibilities included managing leasing operations, tenant inquiries, property tours, and administrative tasks for a high-volume residential property comprising 351 apartments and 55 townhomes. I am a layperson and have no legal training.
4. I am aware that Defendant Avenue5 claims I voluntarily agreed to arbitrate the claims I filed in my lawsuit. I am also aware that Defendant claims I electronically signed an arbitration agreement during my onboarding on December 6, 2024. However, I did not voluntarily agree to arbitrate my claims.
5. I do not recall signing an arbitration agreement, nor do I recall signing any document mentioning the word "arbitration". I recall completing what was described as routine digital onboarding forms in the beginning of my employment. I recall attempting to complete these onboarding forms as quickly as possible in order to begin working, but I do not remember being told or shown that a binding arbitration contract was included among those documents.
6. I felt rushed to move quickly through the onboarding process. I had been told that I needed to finish my onboarding documents that day by my Property Manager Jeri, but at the same time, I was job shadowing, handling normal day-to-day work responsibilities, and assisting with leasing at the front desk. I clicked through the screens as instructed and did not read or understand the terms of the documents.



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

7. The external pressures during the onboarding process required me to review ten separate complex legal and corporate policies in under nine minutes (an average of under 54 seconds per document). Due to the rapid pace and mandatory nature of the online portal, I was rushed through the screens without a functional opportunity to read, review, or understand the terms of the documents.

8. Among the onboarding documents that I had been rushed through to complete was the "Confidentiality and Non-Solicitation Agreement" and the "Avenue5 Residential | Arbitration Agreement 2023." These documents were presented to me on an online portal along with a dense list of onboarding policies.

9. As shown in Defendant's own onboarding audit summary (a screenshot I personally took from the ExponentHR portal) depicted in Exhibit 1 of the Declaration of Theodore Braun, I merely clicked "Acknowledge" for the "Confidentiality and Non-Solicitation Agreement" at 11:18:18 AM and then clicked "Acknowledge" for the "Avenue5 Residential | Arbitration Agreement 2023" just 56 seconds later at 11:19:14 AM. Unlike the "2024 Associate Handbook" which the system logged as "e-Signed" the portal recorded only an "Acknowledge" button click for both the "Confidentiality and Non-Solicitation Agreement" and the "Avenue5 Residential | Arbitration Agreement 2023." The onboarding portal shows that I never executed an actual electronic signature on either document, nor was I informed that clicking "Acknowledge" meant I was agreeing to arbitrate claims or waive my legal rights.

10. Both the "Confidentiality and Non-Solicitation Agreement" and the "Avenue5 Residential | Arbitration Agreement 2023" were presented as part of those same mandatory onboarding documents; I likewise understood that clicking through and acknowledging these forms was a non-negotiable requirement of my employment.

11. My employer never explained to me the contents, terms, conditions, or significance of the arbitration document at any point prior to or during my employment. No one explained that



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

I was giving up any of my legal rights, including my right to bring a lawsuit in court or to represent other employees.

12. I was not informed that I could take time to review these documents before clicking through them, nor was I advised that I could consult an attorney or access these forms after completing onboarding. I had no opportunity to negotiate or alter any of the terms. I understood that clicking through every screen in the portal was a mandatory "take-it-or-leave-it" condition of employment.

13. I did not know what arbitration was until my counsel explained it to me during this litigation. I was never given a copy of the AAA arbitration rules that are mentioned in the purported arbitration agreement. I was never given an opportunity to opt out of the arbitration agreement. If given a choice, I would not have agreed to arbitrate my claims against Defendant.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

Executed on August 14, 2026, at Saratoga Springs, Utah.

By: Ethan Edgerton

Ethan Edgerton



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855