UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

ETHAN EDGERTON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AVENUE5 RESIDENTIAL LLC, a Delaware foreign limited liability company; and DOES 1 through 10, inclusive,

Defendant.

Case No. 2:26-cv-02650

**CLASS ACTION**

**DEFENDANT AVENUE5 RESIDENTIAL LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION**

NOTE ON MOTION CALENDAR:
August 28, 2026

*ORAL ARGUMENT REQUESTED*



SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Three Embarcadero Center, 10th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ....................1

II. LEGAL ARGUMENT ....................1

A. Plaintiff Does Not Dispute That His Claims Are Covered by the Agreement and that the FAA Applies. ....................1

B. The Parties Formed a Valid Agreement to Arbitrate. ....................1

1. Plaintiff's Purported Failure to Recall Signing the Agreement is Legally Insufficient to Defeat Formation. ....................2

2. The Acknowledgment and the Agreement are not "Disjointed." ....................2

3. The "Acknowledge" Mechanism Is Functionally Identical To An "I Agree" Button And Satisfies Washington's Assent Standard. ....................3

C. The Delegation Clause is in Plain Sight and There is No Procedural Unconscionability. ....................4

D. The Delegation Clause Is Typical and Not Substantively Unconscionable. ....................5

1. The Delegation Clause is Consistent With the FAA and Ninth Circuit Precedent. ....................5

2. Plaintiff Lacks Standing to Challenge Provisions Unrelated to the Delegation Clause That Don't Apply to Him. ....................6

a. Permitting Settlement of Claims is Not Relevant to the Delegation Clause and is Not Unconscionable. ....................6

b. Section 11's Mass Arbitration Provision Is Not At Issue And Is Not Unconscionable. ....................7

E. The Agreement Is Not Procedurally Unconscionable. ....................8

1. Plaintiff Had At Least Three Days to Review The Agreement. ....................8

2. Contracts of Adhesion, Alone, Are Insufficient to Establish Procedural Unconscionability. ....................9

3. Avenue5 Is Not Required To Attach The AAA Arbitration Rules. ....................9

F. The Agreement Is Not Independently Substantively Unconscionable ....................9

1. Section 6's Fee-Shifting Provision Is Not Unconscionable. ....................10

2. The Confidentiality Reference Does Not Render the Agreement Unconscionable. ....10

3. Section 10 Is a Standard Reformation Provision, Not an Unenforceable "Agreement to Agree." ....10

G. Any Assertedly Unconscionable Provision Is Severable ....11

H. The Class Action Waiver Should Be Enforced, and a Stay Is Warranted ....11

I. Plaintiff's Request for Limited Discovery Should Be Denied ....12

III. CONCLUSION ....12




SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*A.C. by & through Carbajal v. Nintendo of Am. Inc.*
2021 WL 1840835 (W.D. Wash. 2021) .......... 4

*Abogados v. AT&T, Inc.*
223 F.3d 932 (9th Cir. 2000) .......... 1

*Adler v. Fred Lind Manor*
153 Wash.2d 331 (2004) .......... 4, 6, 9, 10

*Angulo v. Providence Health & Servs. Wash.*
2025 U.S. Dist. LEXIS 268911 (E.D. Wash. 2025) .......... 11

*AT&T Mobility LLC v. Concepcion*
563 U.S. 333 (2011) .......... 11

*Brennan v. Opus Bank*
796 F.3d 1125 (9th Cir. 2015) .......... 5

*Briggs v. Serv. Corp Int'l*
2023 WL 2075958 (W.D. Wash. 2023) .......... 3

*Burnett v. Pagliacci Pizza, Inc.*
196 Wash.2d 38 (2020) .......... 2

*Coneff v. AT&T Corp.*
673 F.3d 1155 (9th Cir. 2012) .......... 11

*Cornelius v. Alpha Kappa Lambda*
19 Wash. App. 2d 862, 872–73 (2021) .......... 3

*Czerwinski v. Pinnacle Prop. Mgmt. Servs., LLC*
9 Wash. App. 2d 1047 (2019) .......... 2

*Diaz v. Macys W. Stores, Inc.*
101 F.4th 697 (9th Cir. 2024) .......... 5

*Epic Sys. Corp. v. Lewis*
584 U.S. 497 (2018) .......... 4, 5, 11

*Griffin MacLean, Inc. v. Hites*
26 Wash. App. 2d 1012 (2023) .......... 3

*Gustin v. Club Demonstration Servs., Inc.*
2026 WL 1948873 (E.D. Cal. 2026)....8

*Hansen v. LMB Mortg. Servs., Inc.*
1 F.4th 667 (9th Cir. 2021) ....12

*Hauenstein v. Softwrap Ltd.*
2007 WL 2404624 (W.D. Wash. 2007)....4

*Heckman v. Live Nation Entertainment, Inc.*
120 F.4th 670, 690 (9th Cir. 2024). ....7

*Hill v. Builder Servs. Grp., Inc.*
2021 WL 4026315 (W.D. Wash. 2021)....3, 9

*Holley-Gallegly v. TA Operating, LLC*
74 F.4th 997 (9th Cir. 2023) ....6

*Hoober v. Movement Mortg., LLC*
382 F. Supp. 3d 1148 (W.D. Wash. 2019)....9, 11

*Houtchens v. Google, LLC*
649 F. Supp. 3d 933 (N.D. Cal. 2023) ....4

*Keystone Land & Dev. v. Xerox Corp.*
152 Wash.2d 171 (2004)....11

*Kiana Jones v. Starz Entertainment, LLC*
129 F.4th 1176 (9th Cir. 2025) ....7

*Kohler v. Whaleco, Inc.*
757 F. Supp. 3d 1112 (S.D. Cal. 2024)....7

*Larez v. Avenue5 Residential LLC*
2024 WL 1816920 (C.D. Cal. Jan. 18, 2024) ....11

*Lee v. Am. Exp. Travel Related Servs., Inc.*
348 F. App'x 205 (9th Cir. 2009) ....6

*Lewis v. DG Strategic VII, LLC*
821 F. Supp. 3d 1267 (W.D. Wash. 2026)....3

*Lui v. DeJoy*
129 F.4th 770 (9th Cir. 2025) ....1

*MacClelland v. Cellco Partnership*
609 F. Supp. 3d 1024, 1042 (N.D. Cal. 2022). ....8

*Mann v. Am. Airlines*
324 F.3d 1088 (9th Cir. 2003) ........8

*McKee v. AT&T Corp.*
164 Wash.2d 372 (2008) ........10, 11

*Meyer v. Uber Techs., Inc.*
868 F.3d 66 (2d Cir. 2017) ........4

*Mohamed v. Uber Techs., Inc.*
848 F.3d 1201 (9th Cir. 2016) ........5

*Norcia v. Samsung Telecomms. Am., LLC*
845 F.3d 1279 (9th Cir. 2017) ........1

*Oberstein v. Live Nation Ent., Inc.*
60 F.4th 505 (9th Cir. 2023) ........3

*Okelo v. Antioch Univ.*
601 F. Supp. 3d 894 (W.D. Wash. 2022) ........3

*Pandolfi v. AviaGames, Inc.*
2025 WL 2445353, at *2 (9th Cir. 2025) ........7, 8

*Patrick v. Running Warehouse, LLC*
93 F.4th 468 (9th Cir. 2024) ........5

*Peter v. DoorDash, Inc.*
445 F. Supp. 3d 580 (N.D. Cal. 2020) ........4

*Poublon v. C.H. Robinson Co.*
846 F.3d 1251 (9th Cir. 2017) ........9

*Saeedy v. Microsoft Corp.*
757 F. Supp. 3d 1172 (W.D. Wash. 2024) ........2, 3

*Showalter v. Apartment Mgmt. Consultants LLC*
754 F. Supp. 3d 1074 (W.D. Wash. 2024) ........2, 3

*Signavong v. Volt Mgmt. Corp.*
2007 WL 1813845 (W.D. Wash. 2007) ........9

*Simpson v. Inter-Con Sec. Sys., Inc.*
2013 WL 1966145 (W.D. Wash. 2013) ........2

*Smith v. Spizzirri*
601 U.S. 472 (2024) ........11

*Spokeo, Inc. v. Robins*
578 U.S. 330 (2016) .......... 6

*Stevenson v. Sirius XM Radio Inc.*
2023 WL 7434945 (N.D. Cal. Nov. 9, 2023) .......... 6

*Tatum v. City & Cnty. of S.F.*
441 F.3d 1090 (9th Cir. 2006) .......... 12

*Verley v. United Nat. Foods, Inc.*
2026 WL 482687 (W.D. Wash. 2026) .......... 2

*Williams v. DDR Media, LLC*
2023 WL 2314868 (N.D. Cal. 2023) .......... 4

*Wiseley v. Amazon, Inc.*
709 F. App'x 862 (9th Cir. 2017) .......... 4, 9, 10

*Zuver v. Airtouch Commc'ns, Inc.*
153 Wash.2d 293 (2004) .......... 8

<u>Statutes</u>

15 U.S.C.
§ 7001(a) .......... 3
§ 7006(5) .......... 3

Federal Arbitration Act
§ 4 .......... 12

Revised Code of Washington
§ 1.80 *et seq.* .......... 3
§ 1.80.101(10) .......... 3
§ 4.84.185 .......... 10
§ 49.44.211 .......... 10

<u>Other Authorities</u>

American Arbitration Association .......... 7

Mass Arbitration
Rule MA-1(a) .......... 7
Rule MA-1(d) .......... 7
Rule MA-1(e) .......... 7
Rule MA-4(c) .......... 7

U.S. Const. Article III, § 2 .......... 6

## I. INTRODUCTION

Plaintiff does not dispute that he electronically acknowledged the Mutual Arbitration Agreement ("Agreement"), that the FAA governs it, and that his claims fall within its scope. The undisputed record shows Plaintiff used his own unique login to access, review, and click "Acknowledge" on a standalone Agreement that expressly told him he was binding himself "just the same as if [he] had signed the Agreement in ink." His sole response—that he does not "recall" signing—is not credible and is legally insufficient to challenge formation.

Plaintiff's unconscionability arguments fare no better: the delegation clause is typical and lawful, the fee-shifting provision mirrors Washington law, and his remaining challenges target provisions that present no live controversy and are, lawful, and are severable. The Court should compel Plaintiff's individual claims to arbitration, enforce the class waiver, and stay this action.

## II. LEGAL ARGUMENT

### A. Plaintiff Does Not Dispute That His Claims Are Covered by the Agreement and that the FAA Applies.

Plaintiff does not dispute that: (1) the FAA governs the Agreement; (2) he is "E. Edgerton," the individual whose unique My5 passcode was used to access, review, and accept it; or (3) all disputes in his Complaint are covered. These concessions are dispositive. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000) (failure to oppose an argument is waiver); *Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).

### B. The Parties Formed a Valid Agreement to Arbitrate.

Avenue5 has met the preponderance standard for establishing an agreement to arbitrate. *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). Plaintiff began employment on December 3, 2024, and that same day was sent a message requesting he review the Agreement by December 6, 2024. Supp. Fillmore Decl., ¶ 6; Ex. A. He created a unique My5 passcode, known only to him, and repeatedly accessed multiple onboarding documents from December 3 through December 6. *Id.*, ¶ 7; Ex. B. Then, on December 6, he accessed the



SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

Agreement, reviewed it, and clicked "Acknowledge & Complete" at 11:19 am. *Id.*; Ex. C; Dkt. 8-2, ¶¶ 8-12, Ex. A.

### 1. Plaintiff's Purported Failure to Recall Signing the Agreement is Legally Insufficient to Defeat Formation.

Plaintiff does not deny that he is "E. Edgerton," the person who clicked "Acknowledge & Complete." He states only that he does not "recall" signing it. Dkt. 17-2, ¶ 5. That assertion is not credible and cannot defeat arbitration.

A party's purported "lack of recall is not sufficient to controvert the evidence that [they] signed the Arbitration Agreement during the application process." *Czerwinski v. Pinnacle Prop. Mgmt. Servs., LLC*, 9 Wash. App. 2d 1047 (2019); *Simpson v. Inter-Con Sec. Sys., Inc.*, 2013 WL 1966145, at *5 (W.D. Wash. 2013) (same); *Verley v. United Nat. Foods, Inc.*, 2026 WL 482687, at *3 (W.D. Wash. 2026) (same); *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1197 (W.D. Wash. 2024) (same). This case is no different.

### 2. The Acknowledgment and the Agreement are not "Disjointed."

Plaintiff argues the relationship between his electronic Acknowledgment and the Agreement is "disjointed," relying on *Burnett v. Pagliacci Pizza, Inc.*, 196 Wash.2d 38 (2020). But *Burnett* is distinguishable.

In *Burnett*, the employee signed an "Employee Relationship Agreement" requiring compliance with an employee handbook that was not given to him before he signed, but that he was told to read "at home." *Id*. at 43. The arbitration provision was buried in that handbook, and the court concluded the employee had no notice of it before signing. *Id*. at 49.

Washington courts have repeatedly distinguished *Burnett*. In *Showalter v. Apartment Mgmt. Consultants LLC*, 754 F. Supp. 3d 1074, 1079 (W.D. Wash. 2024), the court enforced arbitration because the agreement was a "separate, standalone document" entitled "Policy Acknowledgement: Binding Arbitration Agreement," unlike *Burnett* where "the arbitration agreement itself was neither presented separately to the employee nor separately signed." Thus,

"Showalter had both 'knowledge of and assented to' the Arbitration Agreement itself." *Id.*[1]

Like *Showalter*, the Agreement was a standalone document, separately identified in Plaintiff's My5 portal. Dkt. 17, Ex. 1. Plaintiff had unrestricted time to review it before signing. Dkt. 8-2, ¶¶ 8-12, Ex. A; Supp. Fillmore Decl., Exs. A-B.

### 3. The "Acknowledge" Mechanism Is Functionally Identical To An "I Agree" Button And Satisfies Washington's Assent Standard.

Plaintiff contends that his Agreement is invalid because he clicked "Acknowledge" rather than "I agree." This argument is unsupported by law.

Under the Washington Uniform Electronic Transactions Act and the U.S. ESIGN Act, an electronic signature need not take any particular form. 15 U.S.C. § 7001(a); RCW § 1.80 *et seq*. It is broadly defined as "an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record." RCW 1.80.101(10); 15 U.S.C. § 7006(5).

Plaintiff's reliance on clickwrap and browserwrap cases regarding website terms of service is misplaced. Unlike those cases, the Agreement was separately presented to and signed by Plaintiff. Nonetheless, those cases confirm that courts enforce arbitration agreements regardless of the particular label used to signify assent.

The Ninth Circuit has explained that the test is "conspicuous notice" and whether the plaintiff took "some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515

[1] *See also Hill v. Builder Servs. Grp., Inc.*, 2021 WL 4026315, at *3 (W.D. Wash. 2021) (making clear within the first two paragraphs that it is an arbitration agreement); *Cornelius v. Alpha Kappa Lambda*, 19 Wash. App. 2d 862, 872–73 (2021) (compelling arbitration where the provision appeared on the "fourth and final page" of an agreement); *Okelo v. Antioch Univ.*, 601 F. Supp. 3d 894, 899 (W.D. Wash. 2022) (enforcing arbitration provision "on the first page of the offer"); *Briggs v. Serv. Corp Int'l*, 2023 WL 2075958, at *5 (W.D. Wash. 2023) (distinguishing *Burnett*); *Griffin MacLean, Inc. v. Hites*, 26 Wash. App. 2d 1012 (2023) (same); *Lewis v. DG Strategic VII, LLC*, 821 F. Supp. 3d 1267, 1275 (W.D. Wash. 2026) (same); *Saeedy*, 757 F. Supp. 3d at 1209 (same).



SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

(9th Cir. 2023) (enforcing arbitration provision where the plaintiff clicked "Sign in" and "Place Order"); *see also Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 71 (2d Cir. 2017) (plaintiff clicked "Register"); *Houtchens v. Google, LLC*, 649 F. Supp. 3d 933, 941 (N.D. Cal. 2023) (user "check[ed] a box"); *Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *2-3 (W.D. Wash. 2007) (same); *Peter v. DoorDash, Inc.*, 445 F. Supp. 3d 580, 582 (N.D. Cal. 2020) (plaintiff clicked "Sign-up"). The label used to signify assent was irrelevant.

Plaintiff's reliance on *Williams v. DDR Media, LLC*, 2023 WL 2314868 (N.D. Cal. 2023) is misplaced. His claim that the court rejected arbitration because "acknowledgment" was used instead of "agree" is false. In *Williams*, the arbitration provision was buried in Terms of Use displayed in "very small gray font" that was "deemphasized by the overall design of the webpage." *Id*. at *5. There was no notice.

Here, Plaintiff used a unique passcode known only to him to log-in to his My5 portal. Supp. Fillmore Decl., ¶ 5. There, he was presented with a standalone Agreement with no restriction on the time to review it and clicked the "Acknowledge & Complete Task" button immediately above language stating that the Agreement "contains a binding arbitration provision," that he had understood its terms, and voluntarily decided to accept the Agreement. *Id.* ¶ 8; Ex. C; Dkt. 8-2, Ex. A. That is an electronic signature attributable to Plaintiff under Washington law, and fully enforceable.

### C. The Delegation Clause is in Plain Sight and There is No Procedural Unconscionability.

Plaintiff contends the delegation clause is procedurally unconscionable because it is contained in an adhesion contract, and is hidden. Neither argument has merit.

*First*, "adhesion is insufficient to support a finding of procedural unconscionability under Washington law." *Wiseley v. Amazon, Inc.*, 709 F. App'x 862, 864 (9th Cir. 2017); *A.C. by & through Carbajal v. Nintendo of Am. Inc.*, 2021 WL 1840835, at *3 (W.D. Wash. 2021); *Adler v. Fred Lind Manor*, 153 Wash.2d 331, 348 (2004). Mandatory, standard-form arbitration

agreements presented as a condition of employment are routinely enforced. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 525 (2018).

*Second*, the delegation clause is not hidden. It appears in Section 3, in the same font and size as every other provision, stating that "the arbitrator, and not any federal, state, or local court, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this Agreement." Dkt. 8-2, Ex. A. The Ninth Circuit has enforced delegation clauses not even appearing in the agreement but incorporated by reference through arbitral rules. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (AAA rules); *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024) (JAMS rules). Thus, a delegation clause that *does* appear in the agreement cannot be procedurally unconscionable. Further, under *Brennan*, the AAA rules that apply (Agreement, § 2) also included an enforceable delegation clause incorporated by reference.

### D. The Delegation Clause Is Typical and Not Substantively Unconscionable.

#### 1. The Delegation Clause is Consistent With the FAA and Ninth Circuit Precedent.

Plaintiff asserts the delegation clause is substantively unconscionable because it delegates individual claims to the arbitrator but class claims to the court.

This is a typical delegation clause reflecting well-established law that arbitration is intended for individual, not class, claims.[2] *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (enforcing clause delegation individual issues for arbitrator and class action issues for the court). Tellingly, Plaintiff cites no case holding this kind of delegation clause substantively unconscionable—because none exists.

//

[2] *Epic Sys.*, 584 U.S. at 509 ("courts may not allow a contract defense to reshape traditional individualized arbitration by mandating classwide arbitration procedures without the parties' consent."); *Diaz v. Macys W. Stores, Inc.*, 101 F.4th 697, 706 (9th Cir. 2024) (representative claims were to remain in court with individual claims sent to arbitration).

### 2. Plaintiff Lacks Standing to Challenge Provisions Unrelated to the Delegation Clause That Don't Apply to Him.

#### a. Permitting Settlement of Claims is Not Relevant to the Delegation Clause and is Not Unconscionable.

Plaintiff erroneously contends Sections 8 and 9 are unconscionable because they include a provision noting that Avenue5 may settle class and representative actions, but do not note the same for Plaintiff.

*First*, whether Avenue5 seeks to settle a class action is irrelevant to the delegation of individual questions to the arbitrator. *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1003 (9th Cir. 2023).

*Second*, this provision merely permits Avenue5 to waive its right to seek dismissal of class claims and instead settle, "subject to obtaining any necessary court approvals[.]" Ex. A §§ 8, 9. A settlement requires both parties' assent; Plaintiff remains free to accept or reject any offer.

*Third*, Plaintiff identifies no concrete harm rising to Washington's "shocking to the conscience" standard, *Adler*, 153 Wash.2d at 344, and lacks standing because this provision has never been invoked against him. *Lee v. Am. Exp. Travel Related Servs., Inc.*, 348 F. App'x 205, 207 (9th Cir. 2009) (plaintiffs "cannot satisfy the requirements of Article III because they have not yet been injured by the mere inclusion of these provisions in their agreements, nor is the threat of future harm from such provisions sufficiently imminent to confer standing"); *Stevenson v. Sirius XM Radio Inc.*, 2023 WL 7434945, at *4 (N.D. Cal. Nov. 9, 2023) ("[c]ourts in this District follow that limitation on standing and routinely decline to reach the legality of contractual provisions that do not apply to the plaintiff in front of them").[3]

[3] Article III limits judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. An injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

**b. Section 11's Mass Arbitration Provision Is Not At Issue And Is Not Unconscionable.**

Plaintiff improperly contends the Mass Arbitration provision in Section 11 is unconscionable and invalidates the delegation clause.

*First*, Plaintiff fails to explain how Section 11 relates to the delegation provision. It does not. Section 11 sets forth rules requiring court involvement and oversight for mass arbitration.

*Second*, Plaintiff lacks standing to challenge Section 11. He does not allege that 25 or more overlapping claims exist, that 50 or more arbitrations have been initiated, or that Avenue5 has invoked the provision. Ex. A § 11.

*Third*, Section 11 is not unconscionable. In *Kiana Jones v. Starz Entertainment, LLC*, 129 F.4th 1176, 1183-84 (9th Cir. 2025), the Ninth Circuit enforced JAMS' mass arbitration rules which, like Section 11, permit for consolidation of claims, limited filing fees, and suspension of arbitration proceedings. However, Section 11 is *more* protective of employees than the JAMS Rules, as it requires Avenue5 to seek a court ruling that mass arbitration is appropriate. Notably, the Agreement incorporates the AAA mass arbitration rules, which at least one federal court has approved.[4] *Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1128–29 (S.D. Cal. 2024), (rejecting unconscionability challenge to AAA mass arbitration provision).

*Fourth*, Plaintiff's reliance on *Heckman v. Live Nation Entertainment, Inc*. and *Pandolfi v. AviaGames, Inc*. is misplaced, as they analyzed unconscionability under California law. *Heckman* invalidated mass arbitration rules that bound absent claimants to bellwether outcomes without notice and eliminated discovery and appellate rights. 120 F.4th 670, 690 (9th Cir. 2024).

---

[4] Ex. A § 2; *see* AAA Emp./Workplace Arb. R. R-1(a). The AAA's Mass Arbitration Supplementary Rules apply regardless of how the Agreement is worded, because "[t]he [AAA] may apply these Supplementary Rules to any group of cases defined as a Mass Arbitration" and "[i]n the absence of a post-dispute agreement as to any issue covered by these Supplementary Rules, the Supplementary Rules shall apply." Rules MA-1(a), (d). The AAA Mass Arbitration Rules are consistent with Section 11. Rule MA-1(e); 4(c).

*Pandolfi* found unconscionability because a batching provision created delays chilling only the consumer. 2025 WL 2445353, at *2 (9th Cir. 2025). Section 11 has none of these features.[5]

*Fifth*, Plaintiff's tolling argument fails. Section 11 permits only a temporary stay, and only for *already-filed* claims. Filing tolls the statute of limitations. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Nothing in Section 11 bars a timely claim.

*Sixth*, Plaintiff's own out-of-state case, *Gustin v. Club Demonstration Servs., Inc.*, 2026 WL 1948873 (E.D. Cal. 2026), concedes that "the costs and logistical burdens created by mass arbitration are the employer's problem, not the employees[']." *See* Opp. at 15–16. This provision has no impact on Plaintiff, who is not responsible for the costs of mass arbitration.

*Seventh*, Plaintiff's arguments regarding geographic or temporal limits and "Beneficiary Parties" are purely theoretical. No property owner client is a party, no nationwide aggregation has been sought, and Plaintiff alleges no claim implicating any entity other than Avenue5.

Because the delegation clause is valid and enforceable, Plaintiff's remaining unconscionability arguments must be decided by the arbitrator, not the court. Nonetheless, as discussed below, those arguments also fail.

**E. The Agreement Is Not Procedurally Unconscionable.**

Under Washington law, procedural unconscionability requires evidence of undue pressure, refusal to answer questions, or terms an average person could not understand. *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wash.2d 293, 303, 306-07 (2004). None of those circumstances exist here.

**1. Plaintiff Had At Least Three Days to Review The Agreement.**

Plaintiff contends he was "rushed" through ten onboarding documents in under nine minutes. Edgerton Decl., ¶ 5. This is false. Plaintiff created his My5 portal on November 22,

---

[5] Likewise, Plaintiff's reliance on *MacClelland v. Cellco Partnership* is misplaced. In *MacClelland*, the agreement barred consumers from filing until each preceding tranche was adjudicated. 609 F. Supp. 3d 1024, 1042 (N.D. Cal. 2022). Section 11 does not bar filing or impose a tranche-and-queue system. Ex. A § 11.

2024, began employment on December 3, 2024, and was sent a message requesting review of the Agreement by December 6. Supp. Fillmore Decl., ¶¶ 5-6; Ex. A. Over those three days, Plaintiff repeatedly logged in to My5 and accessed his onboarding agreements. *Id.*, ¶ 8; Ex. C.

Washington courts have repeatedly rejected arguments that the employee did not have enough time to review the agreement. *Hill v. Builder Servs. Grp., Inc.*, 2021 WL 4026315, at *4 (W.D. Wash. 2021) (employee did not "contend that [he] attempted to consider it, attempted to ask questions about it, or even that [he] would have asked questions if [he] had more time"); *Hoober v. Movement Mortg., LLC*, 382 F. Supp. 3d 1148, 1155 (W.D. Wash. 2019); *Signavong v. Volt Mgmt. Corp.*, 2007 WL 1813845, at *3 (W.D. Wash. 2007). Indeed, Plaintiff does not claim he asked questions, sought more time, or attempted to consult counsel.

#### 2. Contracts of Adhesion, Alone, Are Insufficient to Establish Procedural Unconscionability.

Plaintiff contends that the Agreement is procedurally unconscionable because it is an adhesion contract. As discussed above, "adhesion is insufficient to support a finding of procedural unconscionability under Washington law." *Wiseley*, 709 F. App'x at 864; *Adler*, 153 Wash.2d at 348.

#### 3. Avenue5 Is Not Required To Attach The AAA Arbitration Rules.

Plaintiff's argument that the Agreement's incorporation of AAA rules by reference is procedurally deficient also fails. *Poublon v. C.H. Robinson Co*., 846 F.3d 1251, 1262 (9th Cir. 2017) (rejecting argument that arbitration was unconscionable because the arbitral rules were not attached to the agreement); *Wiseley*, 709 F. App'x at 864 ("Incorporation by reference of the [AAA] rules [without attaching a copy] does not create procedural unconscionability."). The AAA rules were not hidden. The Agreement provides a website link for the arbitral rules (Section 2) and provides HR contact information for obtaining a copy. Ex. A.

### F. The Agreement Is Not Independently Substantively Unconscionable

Plaintiff's remaining unconscionability arguments target provisions outside the

delegation clause. None comes close to the "shocking to the conscience" showing Washington law requires, and each is severable under Section 13.

### 1. Section 6's Fee-Shifting Provision Is Not Unconscionable.

Section 6 authorizes fees to a prevailing party, including for defending against a frivolous action, "to the extent such is authorized by the underlying substantive law." Ex. A § 6. The Ninth Circuit has held that such a provision does not create substantive unconscionability because it "mirrors Washington's statutory right to attorneys' fees for frivolous claims." *Wiseley*, 709 F. App'x at 865 (citing RCW 4.84.185). Unlike the unconditional fee clause in *Adler*, 153 Wash.2d at 354, Section 6 expressly limits any award "to the extent authorized by applicable law."

### 2. The Confidentiality Reference Does Not Render the Agreement Unconscionable.

Plaintiff's confidentiality argument fails because the language he relies on does not appear in the Agreement. It appears in the separate Q&A document, which states arbitration is "a confidential process." Ex. A p. 2. That document is introductory, not a binding term; the Agreement's operative sections contain no confidentiality provision. This distinguishes *McKee v. AT&T Corp*., 164 Wash.2d 372, 380, 398 (2008), where the confidentiality clause was part of the operative agreement.

Plaintiff's argument that the separate Confidentiality Agreement violates the Silenced No More Act, RCW 49.44.211, also fails. He identifies <u>no provision</u> restricting discussion of enumerated topics under the Act. *See* RCW 49.44.211(1). Rather, the Confidentiality Agreement is precisely the type the Act exempts. RCW 49.44.211(6).

### 3. Section 10 Is a Standard Reformation Provision, Not an Unenforceable "Agreement to Agree."

Section 10 provides that Avenue5 "may offer the employee protections the court and/or law deems necessary to preserve the enforceability of this Agreement." Ex. A § 10. Plaintiff mischaracterizes this as an unenforceable "agreement to agree." Opp. at 19. But that doctrine

applies only where parties have not reached a meeting of the minds on an essential term. *Keystone Land & Dev. v. Xerox Corp*., 152 Wash.2d 171, 175–76 (2004). Section 10 leaves no essential term unresolved—it commits Avenue5 to cure any deficiency.

**G. Any Assertedly Unconscionable Provision Is Severable**

"When a court finds unconscionable provisions within an arbitration provision, '[s]uch unenforceable provisions may . . . be severed from any valid and enforceable provisions, even those also contained within the arbitration provision.'" *Hoober*, 382 F. Supp. 3d at 1154. The Agreement contains an express severability clause. Dkt. 8-2, Ex. A § 13. To the extent necessary, the Court may sever any terms and enforce the Agreement.

Plaintiff's reliance on *McKee's* "permeated" standard is unavailing because *McKee* involved an offending term embedded in the operative arbitration provision. Here, Plaintiff has identified only isolated provisions, none rendering the Agreement's framework unworkable.

**H. The Class Action Waiver Should Be Enforced, and a Stay Is Warranted**

Class action waivers in employment arbitration agreements are enforceable under the FAA. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *Epic Sys.,* 584 U.S. at 525. The FAA "preempts the Washington state law invalidating the class-action waiver." *Coneff v. AT&T Corp*., 673 F.3d 1155, 1161 (9th Cir. 2012).

Plaintiff's reliance on *Angulo v. Providence Health & Servs. Wash*., 2025 U.S. Dist. LEXIS 268911 (E.D. Wash. 2025) is misplaced because the parties in *Angulo* did not agree to individual arbitration in an agreement containing a class action waiver.

Plaintiff's argument regarding PAGA representative-action waivers under California law is inapplicable. This is a Washington action; Plaintiff has not pled any PAGA claim under California law, and lacks standing to raise it. Regardless, a California federal court has already enforced Avenue5's substantially similar Agreement and class and PAGA waiver. *Larez v. Avenue5 Residential LLC*, 2024 WL 1816920 (C.D. Cal. Jan. 18, 2024).

Finally, once the Court compels arbitration, a stay of this action is required. *Smith v.*



SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor,
San Francisco, CA 94111
T: 415-434-9100; F: 415-434-3947

*Spizzirri*, 601 U.S. 472, 475-76 (2024).

## I. Plaintiff's Request for Limited Discovery Should Be Denied

Plaintiff asks for discovery but fails to identify what he seeks or why it is needed. Under FAA § 4, courts resolve challenges to arbitration agreement formation under the summary judgment standard. *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Plaintiff must therefore "identify by affidavit the specific facts that further discovery would reveal and explain why those facts would preclude" a finding of formation. *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). He has not done so. The formation record is undisputed and no discovery is warranted.

///

## III. CONCLUSION

For the foregoing reasons, Avenue5 respectfully requests that the Court (1) enforce the class action waiver; (2) dismiss or strike the class allegations; and (3) compel Plaintiff's individual claims to arbitration.

DATED this 25 August 2026.

BRADLEY BERNSTEIN SANDS LLP

*/s/ Tiffany L. Lee*
Tiffany L. Lee, WSBA No. 51979
tlee@bradleybernstein.com
2800 First Avenue, Suite 326
Seattle, WA 98121
Telephone: 206.474.3281

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/ Gal Gressel*
Gal Gressel, *Admitted Pro Hac Vice*
Victoria B. Ayeni, *Admitted Pro Hac Vice*
Jaskarenpreet Gill, *Admitted Pro Hac Vice*
ggressel@sheppard.com
vayeni@sheppard.com
jgill@sheppard.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415.434.9100

*Attorneys for AVENUE5 RESIDENTIAL LLC*

## CERTIFICATION OF WORD COUNT

I certify that this brief, inclusive of footnotes, contains 4,121 words, in compliance with the Local Civil Rules.

DATED this 25 August 2026.

BRADLEY BERNSTEIN SANDS LLP

*/s/ Tiffany L. Lee*
Tiffany L. Lee, WSBA No. 51979
tlee@bradleybernstein.com
2800 First Avenue, Suite 326
Seattle, WA 98121
Telephone: 206.474.3281

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/ Gal Gressel*
Gal Gressel, *Admitted Pro Hac Vice*
Victoria B. Ayeni, *Admitted Pro Hac Vice*
Jaskarenpreet Gill, *Admitted Pro Hac Vice*
ggressel@sheppard.com
vayeni@sheppard.com
jgill@sheppard.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415.434.9100

*Attorneys for AVENUE5 RESIDENTIAL LLC*

# DECLARATION OF SERVICE

I, Tiffany L. Lee, under penalty of perjury under the laws of the State of Washington, declare and state as follows:

1. I am an attorney with Bradley Bernstein Sands LLP.

2. On August 25, 2026, I caused to be delivered a copy of the following documents as follows: **DEFENDANT AVENUE5 RESIDENTIAL LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS OR STRIKE CLASS CLAIMS, AND STAY ACTION PENDING ARBITRATION**.

I further declare that said documents were properly served to the following counsel via CM/ECF.

Erin M. O'Leary, Bar No. 46803
Nicholas J. Ferraro, Bar No. 59674
**FERRARO VEGA EMPLOYMENT LAWYERS, INC.**
3333 Camino Del Rio South, #310, San Diego, CA 92108
Telephone: 619.693.7727
Email: erin@ferrarovega.com; nick@ferrarovega.com

DATED this 25 August 2026, at Seattle, Washington.

BRADLEY BERNSTEIN SANDS LLP

*/s/ Tiffany L. Lee*
Tiffany L. Lee, WSBA No. 51979
tlee@bradleybernstein.com
2800 First Avenue, Suite 326
Seattle, WA 98121
Telephone: 206.474.3281